Exhibit 1

**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
Austin P. Van (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
jpafiti@pomlaw.com
avan@pomlaw.com

*Co-Lead Counsel for Lead Plaintiffs & the Proposed Class*

— additional counsel on signature page —

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIAN ZHOU, Individually and on Behalf of All Others Similarly Situated, | Case No.: 2:21-cv-09914-CAS-JC |
| Plaintiffs, | |
| v. | **STIPULATION OF SETTLEMENT** |
| FARADAY FUTURE INTELLIGENT ELECTRIC INC. f/k/a PROPERTY SOLUTIONS ACQUISITION CORP., CARSTEN BREITFELD, ZVI GLASMAN, WALTER J. MCBRIDE, JORDAN VOGEL, AARON FELDMAN, and YUETING JIA, | |
| Defendants. | |

STIPULATION OF SETTLEMENT

This Stipulation of Settlement (the "Stipulation") is made and entered into by and between Lead Plaintiffs Byambadorj Nomin, Hao Guojun, Peihao Wang, and Shentao Ye (collectively, the "Plaintiffs" or "Lead Plaintiffs"), on behalf of themselves and the proposed Class (defined below), on the one hand, by and through their counsel of record in the Action (as defined herein), and Defendants Faraday Future Intelligent Electric, Inc., formerly known as Property Solutions Acquisition Corp. ("PSAC") (together, "Faraday" or the "Company"), Carsten Breitfeld, Zvi Glasman, Jordan Vogel, Aaron Feldman, and Yueting Jia (collectively, the "Individual Defendants"; together, with Faraday, the "Defendants") on the other hand, by and through their respective counsel of record in the Action.

## I.     THE LITIGATION

This is a consolidated securities class action brought against Defendants on behalf of (a) all persons and entities who purchased or otherwise acquired Faraday securities between January 28, 2021 and April 14, 2022, both dates inclusive (the "Settlement Class Period"), and/or (b) beneficially owned and/or held the Class A common stock of PSAC as of June 21, 2021 and were eligible to vote at PSAC's July 20, 2021 special meeting and were allegedly damaged thereby (the "Settlement Class").

On December 23, 2021, Jian Zhou filed the initial complaint in *Zhou v. Faraday Future Intelligent Electric Inc. et al.*, No. 2:21-cv-09914 in the United States District Court for the Central District of California (the "Court").  ECF No. 1.

On March 7, 2022, the Court appointed the Byambadorj Nomin, Hao Guojun, Peihao Wang, and Shentao Ye as Lead Plaintiffs, Pomerantz LLP and Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Co-Lead Counsel.  ECF No. 33.

On May 6, 2022, Lead Plaintiffs filed the Amended Class Action Complaint ("Amended Complaint"), alleging violations of §§10(b), 14(a), and 20(a) of the Securities Exchange Act of 1934 ("1934 Act") and §§11 and 15 of the Securities Act of 1933 ("1933 Act").  ECF No. 42.

On July 7, 2022, Defendants moved to dismiss the Amended Complaint. ECF No. 59. Lead Plaintiffs filed its opposition on September 6, 2022. ECF No. 60. Defendants filed a reply on October 6, 2022. ECF No. 61.

On October 17, 2022, the Court held oral argument on the motion. On October 20, 2022, the Court denied in part and granted in part Defendants' motion to dismiss, with leave to amend. ECF No. 64.

On November 3, 2022, Defendants filed a motion for reconsideration on the Court's Order on the motion to dismiss. ECF No. 67.

On November 8, 2022, the Court issued an Order granting the Joint Stipulation extending time to file a second amended complaint. ECF No. 69.

On November 21, 2022, Plaintiffs filed their opposition to Defendants' motion for reconsideration. ECF No. 72. On November 28, 2022, Defendants filed their reply. ECF No. 73. On December 9, 2022, the Court denied Defendants' motion for reconsideration. ECF No. 75.

On February 10, 2023, all Defendants filed their answers and affirmative defenses to the Amended Complaint, ECF Nos. 80, 82, 86; Defendants Aaron Feldman and Jordan Vogel filed a corrected answer on February 13, 2023. ECF No. 88.

On March 27, 2023, the Parties filed a Joint Discovery Plan. Lead Plaintiffs served interrogatories and multiple document requests on Defendants and received responses and objections from Defendants. Defendants also served multiple document requests on Plaintiffs and received responses and objections from Plaintiffs.

On April 27, 2023, the Court granted the Parties' joint motion for a temporary stay pending mediation. ECF No. 97.

The Parties had a private mediation on June 29, 2023 with Jed Melnick, a nationally known mediator of securities class actions. In advance of the mediation, the parties submitted detailed mediation statements. The parties negotiated in good faith, but were unable to reach a resolution at mediation, as the parties' positions remained far apart.

2

STIPULATION OF SETTLEMENT

Settlement discussions resumed later and the mediator worked closely with the parties to achieve a settlement in this matter. These negotiations were protracted, complex, and challenging. After extensive further discussions and negotiations, with the active involvement of the mediator, the parties reached an agreement-in-principle to settle the case on the terms set forth herein and the parties ultimately asked the Court on August 31, 2023 to stay all deadlines to allow the Parties to focus their attention on finalizing the settlement. ECF No. 100.

## II.   PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the Action have merit and that the evidence developed to date supports the claims asserted. However, Lead Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action through summary judgment and trial (and any possible appeals). Lead Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation. Lead Plaintiffs and Lead Counsel also are mindful of the inherent problems of proof and the possible defenses to the claims alleged in the Action. Based on their evaluation, Lead Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial monetary benefits upon the Settlement Class, is fair, reasonable, and adequate, and is in the best interests of the Settlement Class.

## III.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims, contentions, and allegations made by Plaintiffs in the Action, along with all the charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action. Defendants have expressly denied and continue to deny that they have committed any act or omission giving rise to any liability or violation of law, or have otherwise misled investors as

3
STIPULATION OF SETTLEMENT

alleged in the Action. Defendants have denied and continue to deny the allegations that any of the Defendants made any material misstatements or omissions or engaged in any fraudulent scheme; and that any member of the Settlement Class has suffered damages resulting from the conduct alleged in the Action. Defendants have asserted, and continue to assert, that their conduct was at all times proper and in compliance with all applicable provisions of law, and believe that the evidence developed to date supports their position that they acted properly at all times and that the Action is without merit. In addition, Defendants maintain that they have meritorious defenses to the claims alleged in the Action.

As set forth below, nothing in this Stipulation or any other aspect of the Settlement shall be construed or deemed to be evidence of an admission or concession on the part of any Defendant with respect to any claim or of any fault, liability, wrongdoing or damages whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants are entering into this Stipulation solely to eliminate the burden and expense of further litigation. Defendants also have taken into account the uncertainty, risks, and costs inherent in any litigation, especially in complex cases such as this Action. Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be fully, finally, and forever resolved, discharged, and settled in the manner and upon the terms and conditions set forth in this Stipulation.

**NOW THEREFORE**, without any concession by Plaintiffs that the Action lacks merit, and without any concession by Defendants of any liability or wrongdoing or lack of merit in their defenses, it is hereby **STIPULATED AND AGREED**, by and among the Plaintiffs and the Defendants, each through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of and in exchange for the promises, covenants, and releases contained in this Stipulation, and other good and valuable consideration, the receipt, adequacy, materiality and sufficiency of which is hereby irrevocably and unconditionally

acknowledged by each of the Settling Parties (as defined below), all Released Claims (including Unknown Claims) and all Released Defendants' Claims (including Unknown Claims), as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, and without costs (except as provided in the Stipulation), upon and subject to the terms and conditions below. The Settling Parties understand, acknowledge and agree that each of the foregoing statements and acknowledgments are true and correct and are part of, and incorporated into, the Terms and Conditions:

## 1. Definitions

As used in this Stipulation, the following terms shall have the meanings set forth below.

1.1    "Action" means the civil action captioned *Jian Zhou v. Faraday Future Intelligent Electric Inc. et al,* No. 2:21-cv-09914-CAS-JC, pending in the United States District Court for the Central District of California before the Honorable Christina A. Snyder.

1.2    "Additional Counsel" means The Rosen Law Firm, P.A. and Hao Law Firm Beijing Hao Junbo Law Firm.

1.3    "Authorized Claimant" means a Settlement Class Member who has submitted a timely and valid Claim to the Claims Administrator (in accordance with the requirements established by the Court), whose claim for recovery has been approved for payment from the Net Settlement Fund pursuant to the terms of this Stipulation, and who is entitled to a distribution from the Net Settlement Fund pursuant to the Plan of Allocation and order of the Court.

1.4    "Claim" means a completed and executed Claim Form that has been submitted to the Claims Administrator in accordance with the instructions on the Claim Form.

1.5   "Claims Administrator" means the firm of Strategic Claims Services. Defendants shall have no involvement in the retention of the Claims Administrator or any other claims administrator.

1.6   "Defendants" means Faraday Future Intelligent Electric, Inc., Carsten Breitfeld, Zvi Glasman, Jordan Vogel, Aaron Feldman, and Yueting Jia.

1.7   "Defendants' Counsel" means the law firms of Troutman Pepper Hamilton Sanders LLP, King and Spalding LLP, and Latham and Watkins LLP.

1.8   "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶7.1, below.

1.9   "Escrow Account" means the separate interest bearing escrow account designated and controlled by Pomerantz LLP and Wolf Haldenstein into which the Settlement Amount will be deposited for the benefit of the Settlement Class.

1.10   "Escrow Agent" means The Huntington National Bank or its appointed agents.  The Escrow Agent shall perform duties as set forth in this Stipulation and any order of the Court in connection with the Settlement.

1.11   "Faraday" means Faraday Future Intelligent Electric, Inc.

1.12   "Fee and Expense Application" means Lead Counsel's application for an award of attorneys' fees and litigation expenses, and any award to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) of the Private Securities Litigation Reform Act of 1995 in connection with their representation of the Settlement Class.

1.13   "Final" means, with respect to any order of court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. Without limitation, an order becomes "Final" when: (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either (a) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (b) the order has been affirmed in all

material respects and the prescribed time, if any, for commencing any further appeal has expired.  For purposes of this definition of "Final," an "appeal" includes any motion to alter or amend under Rule 52(b) or Rule 59(e) of the Federal Rules of Civil Procedure, any appeal as of right, discretionary appeal, interlocutory appeal, petition for writ of certiorari, or other proceeding involving writs of certiorari or mandamus, and any other proceedings of like kind.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation, or to the Court's award of attorneys' fees or expenses, shall not in any way delay or affect the time set forth above for the Judgment to become Final or otherwise preclude the Judgment from becoming Final.

1.14   "Insurers" means the insurance carriers that are funding the Settlement Amount.

1.15   "Judgment" means the proposed judgment to be entered by the Court finally approving the Settlement, substantially in the form attached hereto as Exhibit B.

1.16   "Lead Counsel" means Pomerantz LLP and Wolf Haldenstein.

1.17   "Lead Plaintiffs" or "Plaintiffs" means Byambadorj Nomin, Hao Guojun, Peihao Wang, and Shentao Ye.

1.18   "Plaintiffs' Counsel" means Pomerantz LLP and Wolf Haldenstein.

1.19   "Mediator" means Jed D. Melnick, Esq. of JAMS.

1.20   "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and expenses and any award to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4); (ii) Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) any other fees or expenses approved by the Court.

1.21   "Notice" means the Notice of Pendency and Proposed Settlement of Class Action to be sent to Settlement Class Members, which shall be substantially in the form attached hereto as Exhibit A-1.

7

STIPULATION OF SETTLEMENT

1.22 "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, limited liability partnership, domestic partnership, marital community, association, joint stock company, joint venture, joint venturer, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

1.23 "Plan of Allocation" means the plan for allocating the Net Settlement Fund as set forth in the Notice, or such other plan of allocation as the Court may approve.

1.24 "Preliminary Approval Order" means the proposed Order Preliminarily Approving Settlement and Providing for Notice, substantially in the form attached hereto as Exhibit A.

1.25 "Proof of Claim" or "Claim Form" means the Proof of Claim for submitting a claim, which shall be substantially in the form attached hereto as Exhibit A-2.

1.26 "Released Plaintiffs' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether class or individual in nature, whether contingent or absolute, mature or unmature, discoverable or undiscoverable, liquidated or unliquidated, accrued or unaccrued, including those that are concealed or hidden, that Lead Plaintiffs or any other member(s) of the Settlement Class asserted or could have asserted now or in the future in any forum that both (i) arise out of, are based upon, or are related in any way to the allegations, transactions, facts, events, matters, occurrences, disclosures, statements, representations, acts, or omissions that were referred to or alleged, or that could have been referred to or alleged, in the Action, and (ii) relate in any way to the purchase or

acquisition of Faraday or PSAC common stock by Settlement Class Members during the Settlement Class Period. Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement.

1.27 "Released Defendant Parties" means, collectively, each and all of (i) the Defendants, the members of each Defendant's immediate family, any entity in which any Defendant or member of any Defendant's immediate family has or had a controlling interest (directly or indirectly), any estate or trust of which any Defendant is a settlor or which is for the benefit of any Defendant and/or members of his/her family; and (ii) for each and every Person listed in part (i), their respective former, present or future parents, subsidiaries, divisions and affiliates and the respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, attorneys, consultants, advisors, accountants, auditors, and insurers and reinsurers of each of them; and the predecessors, successors, estates, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

1.28 "Released Defendants' Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiffs Parties, including Plaintiffs' Counsel, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for (i) any claims relating to the enforcement of the Settlement or (ii) any claims against any Person who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

1.29 "Released Parties" means the Released Defendant Parties and the Released Plaintiffs Parties.

9
STIPULATION OF SETTLEMENT

1.30   "Released Plaintiffs Parties" means the Plaintiffs, each and every Settlement Class Member, Plaintiffs' Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiffs Party who is an individual, as well as any trust of which any Released Plaintiffs Party is the settlor or which is for the benefit of any of their immediate family members.  Released Plaintiffs Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class.

1.31   "Settlement Class" means  (a) all persons and entities who purchased or otherwise acquired Faraday securities between January 28, 2021 and April 14, 2022, both dates inclusive (the "Settlement Class Period"), and/or (b) beneficially owned and/or held the Class A common stock of PSAC as of June 21, 2021 and were eligible to vote at PSAC's July 20, 2021 special meeting and were allegedly damaged thereby (the "Settlement Class"). Excluded from the Settlement Class are: (i) Defendants, (ii) current and former officers and directors of Faraday; (iii) members of the immediate family of each of the Individual Defendants (as defined in Item 404 of SEC Regulation S-K, 17 C.F.R. §229.404, Instructions (1)(a)(iii) & (1)(b)(ii)); (iv) all subsidiaries and affiliates of Faraday; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any of the Defendants has a controlling interest and (vi) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding five categories.  Also excluded from the Settlement Class is any Person who timely and validly seeks exclusion from the Settlement Class in accordance with the requirements set by the Court.

1.32   "Settlement Class Member" means a Person who falls within the definition of the Settlement Class.

1.33 "Settlement Class Period" means the period from January 28, 2021 through April 14, 2022, both dates inclusive.

1.34 "Settlement" means the resolution of the Action in accordance with the terms and provisions of the Stipulation.

1.35 "Settlement Amount" means Seven Million Five Hundred Thousand Dollars ($7,500,000.00) in cash.

1.36 "Settlement Fund" means the Settlement Amount and any interest earned thereon.

1.37 "Settlement Hearing" means the hearing to be held by the Court to determine whether (i) the Settlement is fair, reasonable, and adequate and should be approved; (ii) the Plan of Allocation is fair, reasonable, and adequate and should be approved; and (iii) Lead Counsel's request for an award of attorneys' fees and expenses should be approved.

1.38 "Settling Parties" means Plaintiffs, on behalf of themselves and the Settlement Class, and the Defendants.

1.39 "Stipulation" means this Stipulation of Settlement.

1.40 "Summary Notice" means the Summary Notice for publication, which shall be substantially in the form attached hereto as Exhibit A-3.

1.41 "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of Taxes or the preparation of tax returns and related documents, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs relating to filing (or failing to file) the returns described in ¶2.9.

1.42 "Taxes" means any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax, and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state, and

11

STIPULATION OF SETTLEMENT

federal taxes arising with respect to the income earned by the Settlement Fund as described in ¶2.9.

1.43 "Unknown Claims" means any and all Released Plaintiffs' Claims that Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor, regardless of whether such claim(s), if known by him, her or it, might have affected his, her or its decision to enter into this Settlement, execute this Stipulation, and agree to all the various releases set forth herein, or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Settlement Class. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Released Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Settlement Class Members (as regards to the Released Plaintiffs' Claims) and the Defendants (as regards to the Released Defendants' Claims) shall expressly waive and relinquish, and each Settlement Class Member shall be deemed to have and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Cal. Civ. Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

1.44   "Wolf Haldenstein" means Wolf Haldenstein Adler Freeman & Herz LLP.

## 2. The Settlement

### a. The Settlement Fund

2.1     In full settlement of the Released Claims, the Defendants shall cause the Insurers to transfer the Settlement Amount to the Escrow Account no later than twenty-one (21) calendar days after the later of: (i) entry of the Preliminary Approval Order; and (ii) the provision to Defendants of information necessary to effectuate a payment of funds by check or ACH transfer, including payment instructions and a signed W-9 reflecting the taxpayer identification number for the Escrow Account.  The date of the payment referenced in this paragraph (i.e., twenty-one (21) calendar days after the later of the foregoing (i) and (ii)) shall hereinafter be referred to as the "Payment Date."  These funds, together with any interest and income earned thereon once transferred, shall constitute the Settlement Fund.

2.2     If the entire Settlement Amount is not deposited into the Escrow Account by the Payment Date, Lead Counsel may terminate the Settlement but only if: (i) Defendants have received from Lead Counsel written notice of Lead Counsel's intention to terminate the Settlement; and (ii) the entire Settlement Amount is not transferred to the Escrow Account within three (3) calendar days after Lead Counsel has provided such written notice.

2.3     The Defendants (on behalf of themselves and the Released Defendant Parties) and Plaintiffs expressly agree and acknowledge as follows with respect to the Escrow Account and the Settlement Amount:

(a)     The Settlement Amount is being paid entirely by insurance carriers from the proceeds of available insurance, and not by any of the Defendants themselves or from any of their respective assets or property.  The Escrow Account and all funds on deposit therein from time to time, including but not limited to the Settlement Amount, are not, and shall not be deemed to be,

13
STIPULATION OF SETTLEMENT

property of the estate of any Person (including but not limited to any of the Released Defendant Parties) within the meaning of 11 U.S.C. §541 or any similar provision of any other law, and each of the Defendants hereby disclaims, releases, and waives any right to assert to the contrary in any proceeding in any forum whatsoever.

(b)    None of the Plaintiffs or Defendants shall at any time have any right, interest, or title in or to, or custody, control, or possession of, the Escrow Account, and therefore shall not have the ability to pledge, convey, hypothecate, or grant as security all or any portion of the funds in the Escrow Account, unless and until, and solely to the extent that, any such funds have been released from the Escrow Account pursuant to this Stipulation and actually received by a Plaintiffs or Defendant.  The Escrow Agent shall be in sole possession, custody, and control of the Escrow Account and all amounts on deposit therein from time to time, solely in its capacity as Escrow Agent, subject to the terms of this Stipulation, and shall not act as custodian or trustee of or for the benefit of any of the Plaintiffs or Defendants for any purpose, including but not limited to perfecting a security interest therein, and no creditor of any of the Plaintiffs or Defendants shall have the right to have or to hold or otherwise attach or seize all or any portion of the Escrow Account as collateral for or in satisfaction of any obligation, and shall not be able to obtain a security interest in any of the funds in the Escrow Account unless and until, and solely to the extent that, any such funds have been released from escrow pursuant to this Stipulation and actually received by a Plaintiffs or Defendant. Each of the Plaintiffs and Defendants hereby disclaims, releases, and waives any right it may have to assert that it has any right, interest, or title (equitable or otherwise) to the Escrow Account or any amounts on deposit therein from

time to time, other than their respective rights, if any, to receive funds from the Escrow Account, solely as expressly provided for in this Stipulation.

### b. The Escrow Agent

2.4     The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶2.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.5     The Escrow Agent shall not disburse the Settlement Fund except: (a) as provided in the Stipulation; (b) by an order of the Court; or (c) with the written agreement of counsel for the Settling Parties.

2.6     Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are provided for under the terms of the Stipulation.  The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.7     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.8     Prior to the Effective Date and without further order of the Court, up to $350,000.00 of the Settlement Fund may be used by the Escrow Agent to pay reasonable costs and expenses actually incurred in connection with providing notice to the Settlement

Class, locating Settlement Class Members, assisting with the submission of claims, processing Proofs of Claim, administering and distributing the Net Settlement Fund to Authorized Claimants, paying the transfer agent's actual and reasonable fees and expenses, if any, necessary to obtain and provide the shareholder lists contemplated by ¶5.2 below, and paying escrow fees and costs, if any ("Notice and Administration Expenses"). The Released Defendant Parties shall have no responsibility for or liability whatsoever with respect to the Notice and Administration Expenses, nor shall they have any responsibility or liability whatsoever for any Claims with respect thereto. After the Effective Date, the Escrow Agent may pay all further reasonable Notice and Administration Expenses, regardless of amount, without further order of the Court.

### c. Taxes

2.9 (a) The Settling Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.9, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b) For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)). Such returns (as well as the election described in ¶2.9(a) hereof) shall be consistent with this ¶2.9 and in all events shall reflect that all Taxes (including any estimated Taxes, interest,

or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.9(c) hereof.

(c)     All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes, and (ii) Tax Expenses, including expenses and costs incurred in connection with the operation and implementation of this ¶2.9 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.9), shall be paid out of the Settlement Fund; in all events the Released Defendant Parties and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)); neither the Released Defendant Parties nor their counsel are responsible nor shall they have any liability therefor.  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.9.

### d. Termination of Settlement

2.10   In the event the Stipulation is not approved or is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the

Stipulation is not approved or Judgment is reversed or vacated following any appeal taken therefrom, the Settlement Fund (including accrued interest), less expenses actually incurred or due and owing for Notice and Administration Expenses, Taxes or Tax Expenses pursuant to ¶¶2.8 or 2.9, shall be refunded to the Insurers that paid the Settlement Amount in accordance with ¶¶6.3 and 7.4 and pursuant to written instructions provided by Defendants' Counsel to the Escrow Agent within twenty-one (21) calendar days from the date of the notice from Defendants' Counsel to the Escrow Agent pursuant to ¶7.4.

### 3.  Class Certification, Preliminary Approval Order and Settlement Hearing

3.1     Solely for purposes of and in connection with this Settlement, and subject to approval by the Court, the parties consent to certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class (consistent with the definition set forth in ¶1.31 hereof), with Lead Plaintiffs as the Class Representative, and Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  The certification of the Settlement Class shall be binding only with respect to the Settlement. Defendants' stipulation to the certification of the Settlement Class is without prejudice to their right to contest class certification if the Settlement: (a) is not approved by the Court; (b) is terminated; or (c) otherwise fails to become effective for any reason. Promptly after execution of the Stipulation, Lead Counsel shall submit the Stipulation together with its exhibits (the "Exhibits") to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation and approval for the mailing of the Notice and publication of the Summary Notice, substantially in the forms of Exhibits A-1 and A-3, respectively, attached hereto.  The Notice shall include the general terms of the Settlement

set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, and the date of the Settlement Hearing.

3.2     Lead Counsel shall request that, after notice is given to the Settlement Class, the Court hold the Settlement Hearing and approve the Settlement of the Action as set forth herein, the proposed Plan of Allocation, and the Fee and Expense Application.

## 4. Releases

4.1     Upon the Effective Date, Plaintiffs and each of the Settlement Class Members (who have not validly opted out of the Settlement Class), on behalf of themselves, and their respective former and present officers, directors, employees, agents, affiliates, parents, subsidiaries, insurers, reinsurers, heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever released, relinquished, waived, and discharged against the Released Defendant Parties any and all Released Plaintiffs' Claims (including, without limitation, Unknown Claims), whether or not such Settlement Class Members execute and deliver the Proof of Claim or shares in the Net Settlement Fund.

4.2     Upon the Effective Date, Plaintiffs and each of the Settlement Class Members (who have not validly opted out), and anyone claiming through or on behalf of any of them, shall be permanently barred and enjoined from the commencement, institution, maintenance, prosecution, or enforcement against any Released Defendant Party, in any court of law or equity, arbitral forum, administrative forum, or in the court of any foreign jurisdiction, of any and all Released Plaintiffs' Claims (including, without limitation, Unknown Claims), whether or not such Settlement Class Member executes and delivers the Proof of Claim or shares in the Net Settlement Fund. The Court shall retain exclusive jurisdiction to interpret and enforce the permanent injunction described in this paragraph.

4.3     The Proof of Claim to be executed by Settlement Class Members shall release all Released Claims against the Released Defendant Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto; provided, however, that the failure of a Settlement Class Member to submit such Proof of Claim shall have no effect on the provisions of the foregoing ¶¶4.1 and 4.2, inclusive, which shall remain in full force and effect as to each of the Settlement Class Members (who have not validly opted out of the Settlement Class) irrespective of any lack of submission of a Proof of Claim.

4.4     Upon the Effective Date, each of the Released Defendant Parties, on behalf of themselves, and their respective former and present officers, directors, employees, agents, affiliates, parents, subsidiaries, insurers, reinsurers, heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Plaintiffs Parties, including Plaintiffs' Counsel, from all Released Defendants' Claims (including, without limitation, Unknown Claims).

4.5     For the avoidance of doubt, the Settling Parties understand, acknowledge and agree that the Releases set forth in subparagraphs 4.1, 4.2, 4.3 and 4.4 are irrevocable upon the Effective Date and no other condition, irrespective of, and without regard to, any other circumstances or events, and regardless of any known or unknown, actual or potential claims of any kind or nature, including, without limitation, any claims of fraud, misrepresentation, concealment of fact, mistake of fact or law, duress or lack or failure of any material, type or form of consideration.

## 5.   Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund

5.1     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall provide notice of the

Settlement to the Settlement Class, shall administer and calculate the claims submitted by Settlement Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2     Within fifteen (15) business days after the Court enters the Preliminary Approval Order, Faraday shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator documentation or data in the possession of Faraday or its present or former stock transfer agents sufficient to identify to the extent available the record holders of Faraday common stock during the period from January 28, 2021 through April 14, 2022, both dates inclusive, and their last known addresses or other similar information.  Faraday shall provide the Escrow Agent with information sufficient for the Escrow Agent to reimburse Faraday for any actual and reasonable fees or expenses paid by Faraday to the transfer agent that were necessary to obtain and provide such shareholder lists.  It shall be solely the Escrow Agent's responsibility to reimburse Faraday for the transfer agent's actual and reasonable fees and expenses, if any, necessary to obtain and provide the shareholder lists contemplated by this paragraph; provided, however, that such fees and expenses may be paid out of the Settlement Fund as Notice and Administration Expenses pursuant to ¶2.8 above.

5.3     In accordance with the schedule set forth in the Preliminary Approval Order, the Claims Administrator will mail the Notice, substantially in the form of Exhibit A-1 attached hereto, and a Proof of Claim, substantially in the form of Exhibit A-2 attached hereto, to all shareholders of record, or nominees.  The Notice and Proof of Claim shall also be posted on the Settlement website.  In accordance with the schedule set forth in the Preliminary Approval Order, the Summary Notice, substantially in the form of Exhibit A-3 attached hereto, will also be published once in *GlobeNewswire*.  The cost of providing such notice shall be paid out of the Settlement Fund.

5.4     The Settlement Fund shall be applied as follows:

(a) to pay all Notice and Administration Expenses;

21
STIPULATION OF SETTLEMENT

(b) to pay all Taxes and Tax Expenses described in ¶2.9 hereof;

(c) to pay Plaintiffs' Counsel's attorneys' fees and expenses and the award to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4), if and to the extent allowed by the Court; and

(d) to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.5    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with ¶¶5.6-5.9 below.

5.6    Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 attached hereto, postmarked by no later than ninety (90) calendar days after the Notice Date (as defined in Exhibit A attached hereto) or such other time as may be set by the Court (the "Bar Date"), signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and as are reasonably available to such Person.

5.7    All Settlement Class Members who fail to submit a Proof of Claim by the Bar Date, or such other period as may be ordered by the Court, or who submit a Proof of Claim that is rejected, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

5.8     The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its *pro rata* share of the Net Settlement Fund, as long as the Authorized Claimant will receive at least $10.00.

5.9     Defendants shall not have a reversionary interest in the Net Settlement Fund.  If there is any balance remaining in the Net Settlement Fund after a reasonable amount of time following the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance in an equitable and economical fashion among Authorized Claimants who negotiated the checks sent to them in the initial distribution and who would receive at least $10.00.  These reallocations shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*.

5.10    The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the processing, review, determination or calculation of any claims, the distribution of the Net Settlement Fund, the Plan of Allocation, the payment or withholding of Taxes, or any losses incurred in connection therewith.  No Person shall have any claim of any kind against the Released Defendant Parties or Defendants' Counsel with respect to the matters set forth in ¶¶ 5.1-5.13 hereof; and the Settlement Class Members, Lead Plaintiffs, and Lead Counsel release the Released Defendant Parties and Defendants' Counsel from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

5.11    Defendants shall take no position with respect to the Plan of Allocation or any other such plan as may be approved by the Court.

5.12    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to

be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation. Settlement Class Members and Defendants shall be bound by the terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Allocation.

5.13 No Person shall have any claim against Plaintiffs, Settlement Class Members, Plaintiffs' Counsel, Released Defendant Parties, Defendants' Counsel, or the Claims Administrator based on determinations or distributions made substantially in accordance with the Settlement, the Stipulation, and the Plan of Allocation, or otherwise as further ordered by the Court.

## 6. Lead Counsel's Attorneys' Fees and Expenses

6.1 Lead Counsel may submit an application or applications on behalf of Plaintiffs' Counsel (the "Fee and Expense Application") for: (a) an award of attorneys' fees; plus (b) expenses, costs, or charges in connection with prosecuting the Action; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. Any and all such fees, expenses and costs awarded by the Court shall be payable solely out of the Settlement Fund. In addition, Plaintiffs may submit an application for an award from the Settlement Fund pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Settlement Class.

6.2 The attorneys' fees and expenses, as awarded by the Court, shall be paid from the Settlement Amount immediately upon award by the Court. This provision shall apply notwithstanding timely objection to, potential for appeal from, or collateral attack on, the Settlement or the award of fees and expenses. Lead Counsel shall thereafter

allocate the attorneys' fees among Plaintiffs' Counsel in a manner that Lead Counsel in good faith believes reflects the contributions of such counsel to the prosecution and resolution of the Action. Any such awards shall be paid solely by the Settlement Fund. Defendants and their insurance carrier shall have no responsibility for, and no liability with respect to, the allocation of any attorneys' fees or costs among any counsel or to any other person or any obligation of Plaintiffs' Counsel to make appropriate refunds or repayments to the Settlement Fund or interest earned thereon.

6.3     In the event that the Judgment or the order awarding such fees and expenses paid to Lead Counsel pursuant to ¶6.1 and ¶6.2 is reversed or modified, or if the Settlement is cancelled or terminated for any reason, then Lead Counsel shall, in an amount consistent with such reversal or modification, refund such fees or expenses to the Settlement Fund pursuant to ¶2.10, plus the interest earned thereon, within twenty-one (21) calendar days from receiving notice from Defendants' Counsel or from a court of competent jurisdiction. Any refunds required pursuant to this paragraph shall be the obligation of Lead Counsel to make appropriate refunds or repayments to the Settlement Fund. Lead Counsel, as a condition of receiving such fees or expenses on behalf of itself and each partner and/or shareholder of it, agrees that its law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.4     The procedure for and the allowance or disallowance by the Court of the Fee and Expense Application, to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action.

6.5     Released Defendant Parties shall not have any responsibility for any payment of attorneys' fees and expenses to Plaintiffs' Counsel apart from payment of the Settlement Amount pursuant to ¶2.1.

## 7. Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     the Stipulation, and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Settling Parties, have been executed;

(b)     the Settlement Amount has been deposited into the Escrow Account;

(c)     Defendants have not exercised their option to terminate the Stipulation pursuant to ¶7.3 hereof;

(d)     the Court has entered the Preliminary Approval Order, substantially in the form of Exhibit A hereto, as required by ¶3.1 hereof;

(e)     the Court has entered the Judgment that, *inter alia*, dismisses with prejudice the Action, as to Plaintiffs and the Defendants, as set forth above; and

(f)     the Judgment has become Final, as defined in ¶1.13 hereof.

7.2     Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If all of the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Lead Counsel and Defendants' Counsel on behalf of their respective clients mutually agree in writing to proceed with the Settlement.

7.3     If, prior to the Settlement Hearing, Persons who otherwise would be members of the Settlement Class have timely and validly requested exclusion from the

26

STIPULATION OF SETTLEMENT

Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto, and if the total number of shares of Faraday common stock purchased or acquired by such Persons during the Settlement Class Period equals or exceeds an amount specified in a separate Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement") executed between Plaintiffs and Defendants by and through their counsel, then Defendants shall have the option to terminate this Stipulation and Settlement in accordance with the procedures set forth in the Supplemental Agreement.  The Supplemental Agreement will not be filed with the Court in connection with the request for approval of the Settlement, nor disclosed to any person other than the named parties and their representatives, unless required by court Order.  However, should a dispute arise between Plaintiffs and Defendants concerning its interpretation or application, the Supplemental Agreement may be filed under seal with the Court.

7.4     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within twenty-one (21) calendar days after written notification of such event is sent by Defendants' Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been incurred or disbursed pursuant to ¶¶2.8 or 2.9 hereof, shall be refunded to the Insurers that paid the Settlement Amount pursuant to written instructions provided by Defendants' Counsel to the Escrow Agent.  At the request of Defendants' Counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any expenses incurred in connection with such application(s) for refund, to the Insurers that paid the Settlement Amount pursuant to written direction provided by Defendants' Counsel to the Escrow Agent.

7.5     In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in

27

STIPULATION OF SETTLEMENT

accordance with its terms, Plaintiffs and Defendants shall be restored to their respective positions in the Action as of April 27, 2023. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.44, 2.8-2.10, 6.3, 7.2-7.4, 7.6, 8.2, 8.5-8.7 and this ¶7.5 hereof, shall have no further force and effect with respect to Plaintiffs and Defendants and shall not be used in this Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and Plaintiffs and Defendants shall be deemed to return to their status as of April 27, 2023. No order of the Court or modification or reversal on appeal of any such order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees and expenses, and interest awarded by the Court to Lead Counsel or Plaintiffs shall constitute grounds for cancellation or termination of the Stipulation.

7.6     In the event of the entry of a Final order of a court of competent jurisdiction determining the transfer of the Settlement Amount or any portion thereof to the Escrow Agent, or any transfer of the Settlement Fund or any portion thereof by the Escrow Agent to be a preference, voidable transfer, fraudulent transfer, or similar transaction, and if any portion thereof is required to be returned, and such amount is not promptly deposited with the Escrow Agent by others, then, at the election of Plaintiffs, Plaintiffs may move the Court (and Defendants waive the right to contest such motion) to vacate and set aside the releases provided for in this Stipulation and the Judgment entered in favor of the Defendants, in which event the Defendants, the Plaintiffs, and the members of the Settlement Class shall be restored to their litigation positions as of April 27, 2023. The motion described in this ¶7.6 and any relief by the Court shall be conditioned upon the refund of the Settlement Fund (including accrued interest), less expenses which have either been incurred or disbursed, according to the procedures set forth in ¶7.4 above.

## 8.  Miscellaneous Provisions

28

STIPULATION OF SETTLEMENT

8.1     The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously.

8.2     The Settling Parties agree that this Stipulation is intended to inure to the benefit of, and be enforceable by, all Released Parties.

8.3     The commencement by or against any Plaintiffs or Defendants of a case or proceeding under Title 11 of the United States Code, any state insolvency or receivership law, or any state law relating to general assignment for the benefit of creditors, composition, marshaling, or other similar arrangements and procedures, shall not operate to stay, terminate, cancel, suspend, excuse, delay, impede, or otherwise interfere with or impair (i) the rights, if any, of any other Settling Parties to receive the Settlement Fund pursuant to this Stipulation, or (ii) the duties of the Escrow Agent under this Stipulation, including but not limited to the Escrow Agent's obligation to release the Settlement Fund from escrow consistent with this Stipulation.

8.4     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action.  The Settlement shall not be deemed an admission by any Settling Party or any of the Released Parties as to the merits of any claim or defense.  The Settling Parties and their counsel agree that they shall not assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense or settlement of the Action, and the Final Judgment shall contain a finding that Plaintiffs, Plaintiffs' Counsel, Released Defendant Parties, and Defendants' Counsel at all times complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and resolution of the Action.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith at arm's length by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Action, including that the Action was brought or defended in bad faith or without a reasonable basis.

8.5    Neither the Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Defendant Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Defendants make no admission of liability or wrongdoing, and each Defendant denies all wrongdoing. Notwithstanding the foregoing, the Released Defendant Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.6    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Plaintiffs, Defendants, and their respective counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

8.7    All agreements made and orders entered during the course of the Action relating to the confidentiality of documents and information shall survive this Stipulation.

STIPULATION OF SETTLEMENT

8.8    All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.9    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.10    No waiver of any term or provision of this Stipulation, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Settling Parties or their respective successors-in-interest.  No waiver of any term or provision of this Stipulation, or of any breach or default hereof or hereunder, shall be construed as a waiver of the same or any other term or provision or of any previous or subsequent breach thereof.

8.11    The Stipulation and the Exhibits attached (together with the Supplemental Agreement referred to in ¶7.3) hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein (or, as between Defendants, in any separate agreements between them), each Settling Party shall bear its own costs.

8.12    Upon the payment of the Settlement Amount into the Escrow Account, (a) this Stipulation shall not be, and shall not be deemed or considered to be, executory, as that term has been interpreted under 11 U.S.C. §365, and (b) no further obligations of any of the Defendants pursuant to this Stipulation or any further effort or responsibility to defend against any appeal or proceeding seeking judicial review of any order contemplated by this Stipulation shall render the Settlement or all or any portion of this Stipulation executory, as that term has been interpreted under 11 U.S.C. §365.

8.13    The Settlement is not conditioned upon the settlement or approval of settlement of any other suit.

8.14    This Stipulation shall be construed and interpreted to effectuate the intent of the Settling Parties, which is to resolve completely those claims and disputes, including in the Action, as more fully described herein.  If any provision of this Stipulation shall be determined to be invalid, void, or illegal, such provision shall be construed and amended in a manner that would permit its enforcement, but in no event shall such provision affect, impair, or invalidate any other provision hereof.

8.15    Neither the Settlement Class Members nor Defendants shall be bound by the Stipulation if the Court modifies material terms thereof; provided, however, that it shall not be a basis for Settlement Class Members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Authorized Claimants, or if the Plan of Allocation is modified on appeal. Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or the distribution of the Net Settlement Fund.  Notwithstanding any such modification of the terms or Plan of Allocation or the Stipulation with respect to attorneys' fees or expenses, Defendants and Defendants' insurers shall be entitled to all benefits of the Settlement and shall not, under any circumstances, be called upon to contribute additional funds in addition to the Settlement Fund.

8.16    Lead Counsel, on behalf of the Settlement Class, is expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class which it deems appropriate.

8.17    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

8.18   All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given: (i) when delivered personally to the recipient; (ii) one (1) business day after being sent to the recipient by UPS (charges prepaid); or (iii) seven (7) calendar days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

> If to Plaintiffs or to Lead Counsel:
>     Austin P. Van
>     Pomerantz LLP
>     600 Third Avenue, 20th Floor
>     New York, NY 10016
>     Telephone: (212) 661-1100
>
> If to Defendants or to Defendants' Counsel:
>     Pamela S. Palmer
>     Troutman Pepper Hamilton Sanders LLP
>     350 South Grand Avenue, Suite 3400
>     Los Angeles, CA 90071
>     Telephone: 213-928-9814

8.19   The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.

8.20   The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties.

8.21   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

8.22   Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Action shall be stayed, and all members of the Settlement Class shall

be barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendant Parties.

8.23   This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the Plaintiffs and Defendants hereunder shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California, without giving effect to that State's choice-of-law principles.

8.24   This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

IN WITNESS WHEREOF, the Settling Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of October 5, 2023.

Dated: October 5, 2023

POMERANTZ LLP

By: *Austin P. Van*

Jeremy A. Lieberman (*pro hac vice*)
Austin P. Van (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
avan@pomlaw.com

Jennifer Pafiti
1100 Glendon Avenue, 15th Floor

34

STIPULATION OF SETTLEMENT

Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (917) 463-1044
jpafiti@pomlaw.com

*Co-Lead Counsel for Lead Plaintiffs*

**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
Matthew M. Guiney (*pro hac vice*)
Patrick Donovan (*pro hac vice*)
Rourke C. Donahue (*pro hac vice*)
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
guiney@whafh.com
donovan@whafh.com
donahue@whafh.com

*Co-Lead Counsel for Lead Plaintiffs*

**HAO LAW FIRM
BEIJING HAO JUNBO LAW FIRM**
Junbo Hao
Room 3-401 No. 2 Building, No. 1
Shuangliubei Street
100024 Beijing People's Republic of
China
Telephone: +86 137-1805-2888
jhao@haolaw.cn

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen
One Gateway Center, Suite 2600
Newark, New Jersey 07102
Telephone: (973) 313-1887
Facsimile: (973) 833-0399
lrosen@rosenlegal.com

STIPULATION OF SETTLEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Additional Counsel for Lead Plaintiffs*

**TROUTMAN PEPPER HAMILTON SANDERS LLP**

/s/ Pamela S. Palmer
Pamela S. Palmer (SBN 107590)
Alan Kessel (SBN 130707)
350 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone: 213.928.9800
Facsimile: 213.928.9850
pamela.palmer@troutman.com
alan.kessel@troutman.com

Jay A. Dubow (PHV; PABN 41741)
Erica Hall Dressler (PHV; PABN 319953)
Two Logan Square, Eighteenth & Arch
Philadelphia, PA 19103
Telephone: 215.891.4000
Facsimile: 215.891.4750
jay.dubow@troutman.com
erica.dressler@troutman.com

*Counsel for Defendants Faraday Future Intelligent Electric Inc., Zvi Glasman, and Yueting Jia*

**LATHAM AND WATKINS LLP**

/s/ Kristin Murphy
Michele D. Johnson
Kristin Murphy
Ryan Walsh
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
714-540-1235

STIPULATION OF SETTLEMENT

Michele.Johnson@lw.com
Kristin.Murphy@lw.com
Ryan.Walsh@lw.com

*Attorneys for Defendants Jordan Vogel
and Aaron Feldman*

**KING AND SPALDING LLP**

/s/ Carla J. Christofferson
Carla J Christofferson
Samuel C. Cortina
633 West Fifth Street, Ste 1600
Los Angeles, CA 90071
Cchristofferson@kslaw.com
Scortina@kslaw.Com

*Attorneys for Defendant Carsten Breitfeld*

# Exhibit A

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JIAN ZHOU, Individually and on Behalf of All Others Similarly Situated,

        Plaintiffs,

        v.

FARADAY FUTURE INTELLIGENT ELECTRIC INC. f/k/a PROPERTY SOLUTIONS ACQUISITION CORP., CARSTEN BREITFELD, ZVI GLASMAN, WALTER J. MCBRIDE, JORDAN VOGEL, AARON FELDMAN, and YUETING JIA,

        Defendants.

Case No.: 2:21-cv-09914-CAS-JC

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**

EXHIBIT A

WHEREAS, an action is pending before this Court entitled in *Zhou v. Faraday Future Intelligent Electric Inc., et al.*, No. 2:21-cv-09914-CAS-JC (the "Action");

WHEREAS, the parties having applied, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Action, in accordance with a Stipulation and Agreement of Settlement dated October 5, 2023 (the "Stipulation"), which, together with the Exhibits annexed thereto and a separate Supplemental Agreement Regarding Requests for Exclusion executed between the Plaintiffs and the Defendants (the "Supplemental Agreement"), sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of (a) all persons and entities who purchased or otherwise acquired Faraday securities between January 28, 2021 and April 14, 2022, both dates inclusive (the "Settlement Class Period"), and/or (b) beneficially owned and/or held the Class A common stock of Property Solutions Acquisition Corp. ("PSAC") as of June 21, 2021 and were eligible to vote at PSAC's July 20, 2021 special meeting and were allegedly damaged thereby (the "Settlement Class"). Excluded from the Settlement Class are: (i) Defendants, (ii) current and former officers and directors of Faraday; (iii) members of the immediate family of each of the Individual Defendants (as defined in Item 404 of SEC Regulation S-K, 17 C.F.R. §229.404, Instructions (1)(a)(iii) & (1)(b)(ii)); (iv) all subsidiaries and affiliates of Faraday; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any of the Defendants has a

1

controlling interest and (vi) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding five categories. Also excluded from the Settlement Class is any Person who timely and validly seeks exclusion from the Settlement Class in accordance with the requirements set by the Court.

2. Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action. The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs Byambadorj Nomin, Hao Guojun, Peihao Wang, and Shentao Ye are adequate class representatives and certifies them as Class Representatives for the Settlement Class. The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

3. On a preliminary basis, the Settlement appears to be fair, reasonable, and adequate. The Settlement: (a) resulted from arm's-length negotiations overseen by an experienced mediator; and (b) is sufficient to warrant (i) notice thereof as set forth below; and (ii) a full hearing on the Settlement. Accordingly, the Court hereby preliminarily approves the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

4.     A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2024, at _:__ _.m. [a date that is at least 120 days after entry of this Order], at the United States District Court, Central District of California, Courtroom 8D, 8th Floor, 350 W. First Street, Los Angeles, CA 90012, or remotely per details that will be made publicly available on the Settlement website (www.faradaysettlement.com) in advance of the Settlement Hearing, for the following purposes:

(a)     to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b)     to determine whether Judgment as provided under the Stipulation should be entered, dismissing the Amended Class Action Complaint For Violation of the Federal Securities Laws on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Defendant Parties as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any Released Claims or Released Defendants' Claims extinguished by the Settlement;

(c)     to determine whether the proposed Plan of Allocation for the distribution of the Settlement Fund is fair and reasonable and should be approved by the Court;

(d)     to consider the application of Lead Counsel on behalf of all Plaintiffs' Counsel for an award of attorneys' fees and expenses, and any application for an award to the Lead Plaintiffs;

(e)     to consider Settlement Class Members' objections to the Settlement, Plan of Allocation or application for attorneys' fees and expenses; and

3

(f)     to rule upon such other matters as the Court may deem appropriate.

5.     The Court may adjourn the Settlement Hearing without further notice to the members of the Settlement Class, and reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the parties and without further notice to the Settlement Class where to do so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law.  The Court further reserves the right to enter its Judgment approving the Settlement and dismissing the Amended Class Action Complaint for Violation of the Federal Securities Laws, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses or made awards to the Plaintiffs.

6.     The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice, annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶9-12 of this Order, meet the requirements of Rule 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7.     The firm of Strategic Claims Services ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

8.     Faraday Future Intelligent Electric Inc. ("Faraday") shall provide, or cause to be provided, to Lead Counsel, or the Claims Administrator, within fifteen (15) business days after the Court enters this Order, documentation or data in the possession of Faraday or its present or former stock transfer agents sufficient to identify to the extent available the record holders of Faraday common stock during the period from January 28, 2021

through April 14, 2022, both dates inclusive, and their last known addresses or other similar information.

9.      Lead Counsel, through the Claims Administrator, shall commence mailing the Notice and Proof of Claim, substantially in the forms annexed hereto, within twenty (20) business days following entry of this Order (the "Notice Date"), by first-class mail to all Settlement Class Members who can be identified with reasonable effort, and cause the Notice and Proof of Claim to be posted on the Settlement website at www.faradaysettlement.com.

10.     Not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form annexed hereto, to be published once in *GlobeNewswire*.

11.     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

12.     Nominees who purchased or acquired Faraday common stock for the beneficial ownership of Settlement Class Members during the Settlement Class Period shall (a) within seven (7) calendar days of receipt of the Notice and the Proof of Claim ("Notice Packet"), request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice Packet, send a list of the names and addresses of all such beneficial owners to the Claims Administrator, in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners. Upon full compliance with these instructions, including the timely mailing of the Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions in an amount not to exceed $0.10 plus postage at the current pre-sort rate used by the Claims Administrator

per Notice Packet; or $0.05 per Notice Packet transmitted by email; or $0.05 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund, subject to further order of this Court with respect to any dispute concerning such compensation.

13.   In order to be entitled to participate in the recovery from the Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a)   A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the post office box or electronic mailbox indicated in the Notice and Proof of Claim, postmarked no later than one hundred and twenty (120) calendar days after the Notice Date. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail). Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b)   The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting

6

documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator, or Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected.  For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined.  Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least twenty (20) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

(d)     For the filing of and all determinations concerning their Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court.

14.     Any Settlement Class Member who does not timely submit a valid Proof of Claim shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Settlement Fund to Authorized Claimants is not materially delayed thereby, but will bear no liability for failing to accept such late claims.

15.     Any member of the Settlement Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

16.     All Settlement Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request to be excluded, or "opt out," from the Settlement Class.  A Settlement Class Member wishing to be excluded from the Settlement Class must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by first-class mail, or otherwise hand-deliver it, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing to the address listed in the Notice.  A Request for Exclusion must be signed and must legibly state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the number of shares of Faraday common stock that the Person requesting exclusion (i) owned as of the opening of trading on January 28, 2021 and (ii) purchased, acquired and/or sold during the Settlement Class Period, as well as the number of shares, dates and prices for each such purchase, acquisition and sale; and (c) that the Person wishes to be excluded from the Settlement Class in *Zhou v. Faraday Future Intelligent Electric Inc., et al.*, No. 2:21-cv-09914-CAS-JC.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the

distribution of the Settlement Fund, and shall not be bound by the Stipulation or any Final Judgment.  Unless otherwise ordered by the Court, any Settlement Class Member who does not submit a valid and timely written Request for Exclusion as provided by this paragraph shall be bound by the Stipulation.

17.    The Claims Administrator or Lead Counsel shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion at least fourteen (14) calendar days before the Settlement Hearing.

18.    No later than seven (7) calendar days before the Settlement Hearing, the Claims Administrator or Lead Counsel shall file a list of all Persons who have submitted a timely Request for Exclusion with its determinations as to whether any Request for Exclusion was not submitted timely.

19.    The Court will consider comments or objections to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and expenses, including an award to the Lead Plaintiffs under 15 U.S.C. §78u-4(a)(4), only if such comments or objections and any supporting papers are submitted to the Court either by mailing them to the Clerk of the Court, United States District Court, Central District of California, Courtroom 8D, 8th Floor, 350 W. First Street, Los Angeles, CA 90012, or by filing them in person at any location of the United States District Court for the Central District of California.  Such comments or objections must be received or filed, not simply postmarked, at least twenty-one (21) calendar days prior to the Settlement Hearing. Attendance at the Settlement Hearing is not necessary but any Person wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses or awards to the Plaintiffs is required to indicate in their written objection whether they intend to appear at the Settlement Hearing.  The notice of objection must include documentation establishing the objecting Person's membership in the Settlement Class, including the number of Faraday common stock that the objecting Person (i) owned as of the opening of trading on January 28, 2021, and (ii) purchased,

9

acquired and/or sold during the Settlement Class Period, as well as the dates and prices for each such purchase, acquisition or sale, and contain a statement of reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class.  The objection must identify all other class action settlements the objector or his, her or its counsel has previously objected to; copies of any papers, briefs, or other documents upon which the objection is based; and the objector's signature, even if represented by counsel.  Any member of the Settlement Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel, or awards to the Lead Plaintiff, unless otherwise ordered by the Court.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

20.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

21.    All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses and awards to the Lead Plaintiffs shall be filed and served no later than thirty-five (35) calendar days before the Settlement Hearing.  Replies to any objections shall be filed and served at least seven (7) calendar days prior to the Settlement Hearing.

22.    The Released Defendant Parties shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating to the Plan of Allocation

or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Action.

23.    At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

24.    All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.

25.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

26.    If the Stipulation and the Settlement set forth therein is terminated as provided in the Supplemental Agreement, or is otherwise not approved or consummated for any reason whatsoever, the Stipulation and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante*.

27.    Pending final determination of whether the proposed Settlement should be approved, neither the Plaintiff, nor any Settlement Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Defendant Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

28.    The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

IT IS SO ORDERED.

DATED:_____          _____

THE HONORABLE CHRISTINA A. SNYDER

UNITED STATES DISTRICT JUDGE

# Exhibit A-1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JIAN ZHOU, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>FARADAY FUTURE INTELLIGENT ELECTRIC INC. f/k/a PROPERTY SOLUTIONS ACQUISITION CORP., CARSTEN BREITFELD, ZVI GLASMAN, WALTER J. MCBRIDE, JORDAN VOGEL, AARON FELDMAN, and YUETING JIA,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 2:21-cv-09914-CAS-JC<br><br><br><br>**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**<br><br>EXHIBIT A-1 |

_A Federal Court authorized this Notice.  This is not a solicitation from a lawyer._

**NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Action") if you (a) purchased or otherwise acquired Faraday Future Intelligent Electric Inc. ("Faraday" or the "Company") securities between January 28, 2021 and April 14, 2022, both dates inclusive (the "Settlement Class Period"), and/or (b) beneficially owned and/or held the Class A common stock of Property Solutions Acquisition Corp. ("PSAC") as of June 21, 2021 and were eligible to vote at PSAC's July 20, 2021 special meeting and were allegedly damaged thereby (the "Settlement Class").**

**NOTICE OF SETTLEMENT:  Please also be advised that the Lead Plaintiffs Byambadorj Nomin, Hao Guojun, Peihao Wang, and Shentao Ye ("Lead Plaintiffs" or "Plaintiffs"), on behalf of the Settlement Class (as defined in ¶1 below), have reached a proposed settlement of the Action for a total of $7.5 million in cash to settle all of the Plaintiffs' and the Settlement Class'**

known and unknown claims against Defendants on the following terms (the "Settlement").

This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.[1]  Your legal rights will be affected whether or not you act.  Please read this Notice carefully!

      1.    **Description of the Action and the Settlement Class**:  This Notice relates to a proposed Settlement of a class action lawsuit pending against Faraday and the following Individual Defendants: Carsten Breitfeld, Zvi Glasman, Jordan Vogel, Aaron Feldman, and Yueting Jia (collectively, "Defendants").  Defendants are collectively, with Plaintiffs, the "Settling Parties."  The proposed Settlement, if approved by the Court, will apply to the following Settlement Class (the "Settlement Class"): (a) all persons and entities who purchased or otherwise acquired Faraday securities between January 28, 2021 and April 14, 2022, both dates inclusive, and/or (b) beneficially owned and/or held the Class A common stock of PSAC as of June 21, 2021 and were eligible to vote at PSAC's July 20, 2021 special meeting and were allegedly damaged thereby.  Excluded from the Settlement Class are: (i) Defendants, (ii) current and former officers and directors of Faraday; (iii) members of the immediate family of each of the Individual Defendants (as defined in Item 404 of SEC Regulation S-K, 17 C.F.R. §229.404, Instructions (1)(a)(iii) & (1)(b)(ii)); (iv) all subsidiaries and affiliates of Faraday; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any of the Defendants has a controlling interest and (vi) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding five categories.  Also excluded from the Settlement Class is any Person who timely and validly seeks exclusion from the Settlement Class in accordance with the requirements set by the Court.  Anyone with questions as to whether or not they are excluded from the Settlement Class may call the Claims Administrator toll-free at (866) 274-4004.

      2.    **Statement of Settlement Class's Recovery**:  Subject to Court approval, and as described more fully in ¶¶26-31, 47-53 below, Plaintiffs, on behalf of the Settlement Class, have agreed to settle all Released Plaintiffs' Claims (as defined in ¶48 below) against Defendants and other Released Defendant Parties (as defined in ¶50 below) in exchange for a settlement payment of $7.5 million in cash (the "Settlement Amount") to be deposited into an escrow account.  The Settlement

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated October 5, 2023 (the "Stipulation"), which is available on the Settlement website www.faradaysettlement.com.

Fund (the Settlement Fund less Taxes and Tax Expenses, Notice and Administration Expenses, and attorneys' fees and litigation expenses and awards to the Lead Plaintiffs) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Settlement Fund shall be distributed to members of the Settlement Class. The Plan of Allocation is a basis for determining the relative positions of Settlement Class Members for purposes of allocating the Settlement Fund. The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

3. **Statement of Average Distribution Per Share**: The Settlement Fund consists of the $7.5 million Settlement Amount plus interest earned. Assuming all potential Settlement Class Members elect to participate, the estimated average recovery is $0.07 per damaged share before fees and expenses. Settlement Class Members may recover more or less than this amount depending on, among other factors, the aggregate value of the Recognized Claims represented by valid and acceptable Claim Forms as explained in the Plan of Allocation below; when their shares were purchased or acquired and the price at the time of purchase or acquisition; whether the shares were sold, and if so, when they were sold and for how much. In addition, the actual recovery of Settlement Class Members may be further reduced by the payment of fees and costs from the Settlement Fund, as approved by the Court.

4. **Statement of the Parties' Position on Damages**: Defendants deny all claims of wrongdoing, deny that they engaged in any wrongdoing, deny that they are liable to Plaintiffs and/or the Settlement Class and deny that Plaintiffs or other members of the Settlement Class suffered any injury. Moreover, the parties do not agree on the amount of recoverable damages if Plaintiffs were to prevail on each of the claims. The issues on which the parties disagree include, but are not limited to: (1) whether the statements made or facts allegedly omitted were material, false or misleading; (2) whether the statements were made with intent to deceive, manipulate, or defraud investors; (3) whether Defendants are otherwise liable under the securities laws for those statements or omissions or any alleged scheme to defraud; and (4) whether all or part of the damages allegedly suffered by members of the Settlement Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

5. **Statement of Attorneys' Fees and Expenses Sought**: Lead Counsel will apply to the Court, on behalf of all Plaintiffs' Counsel, for an award of attorneys' fees from the Settlement Fund of no more than 33.3% of the Settlement Amount, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. In addition, Lead Counsel also will apply to the Court for payment

from the Settlement Fund for Plaintiffs' Counsel's litigation expenses (reasonable expenses or charges of Plaintiffs' Counsel in connection with commencing and prosecuting the Action), in a total amount not to exceed $440,000 plus interest earned at the same rate and for the same period as earned by the Settlement Fund. In addition, Lead Counsel may apply for awards to Lead Plaintiffs in connection with its members' representation of the Settlement Class in an amount not to exceed $20,000.00, combined.  If the Court approves Lead Counsel's fee and expense application, the estimated average cost per damaged share is $0.03. The estimated average recovery, after deducting attorneys' fees and expenses, administrative costs, and Class Representative awards of reasonable costs and expenses (if approved by the Court), is approximately $0.04 per damaged share.

6.  **Identification of Attorneys' Representatives**:  Plaintiffs and the Settlement Class are being represented by Pomerantz LLP ("Pomerantz") and Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Co-Lead Counsel and Hao Law Firm Beijing Hao Junbo Law Firm and The Rosen Law Firm, P.A. ("Rosen") as Additional Counsel. Any questions regarding the Settlement should be directed to Austin Van, Esq. at Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016, (212) 661-1100, avan@pomlaw.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| DO NOTHING | Get no payment.  Remain a Settlement Class Member.  Give up your rights. |
| REMAIN A MEMBER OF THE CLASS AND SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN [_____], 202__ OR ONLINE AT WWW.FARADAYSETTLEMENT.COM BY 11:59 P.M. EST ON _____ | This is the only way to be potentially eligible to receive a payment.  If you wish to obtain a payment as a member of the Settlement Class, you will need to file a claim form (the "Claim Form" or "Proof of Claim and Release"), which is included with this Notice, postmarked no later than _____ __, 202__ or online at www.faradaysettlement.com by 11:59 p.m. on _____, 202_. |

| | |
|---|---|
| EXCLUDE YOURSELF FROM THE CLASS (OPT OUT) BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS ***RECEIVED*** NO LATER THAN [_____], 202__ | Receive no payment pursuant to this Settlement.  This is the only option that allows you to ever potentially be part of any other lawsuit against any of the Defendants or the other Released Defendant Parties concerning the Released Plaintiffs' Claims.  Should you elect to exclude yourself from the Settlement Class, you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. |
| OBJECT TO THE SETTLEMENT SO THAT IT IS ***RECEIVED*** NO LATER THAN [_____], 202__ | Write to the Court about your view on the Settlement, the Plan of Allocation, or the request for attorneys' fees and litigation expenses, or why you don't think the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and litigation expenses is fair to the Settlement Class.<br><br>If you do not exclude yourself from the Settlement Class, you may object to the Settlement, the Plan of Allocation, or the request for attorneys' fees and litigation expenses.  You must still submit a Claim Form in order to be potentially eligible to receive any money from the Settlement Fund. |

| | |
|---|---|
| GO TO THE HEARING ON [_____], 202__, AT __:__ _.m., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS ***RECEIVED*** NO LATER THAN [_____], 202__ | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and litigation expenses. |

| **WHAT THIS NOTICE CONTAINS** | |
|---|---|
| Why Did I Get This Notice? | Page __ |
| What Is This Case About?  What Has Happened So Far? | Page __ |
| How Do I Know If I Am Affected By The Settlement? | Page __ |
| What Are Plaintiffs' Reasons For The Settlement? | Page __ |
| What Might Happen If There Were No Settlement? | Page __ |
| How Much Will My Payment Be? | Page __ |
| What Rights Am I Giving Up By Agreeing To The Settlement? | Page __ |
| What Payment Are The Attorneys For The Settlement Class Seeking?  How Will The Lawyers Be Paid? | Page __ |
| How Do I Participate In The Settlement?  What Do I Need To Do? | Page __ |
| What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself? | Page __ |
| When And Where Will The Court Decide Whether To Approve The Settlement?  Do I Have To Come To The Hearing?  May I Speak At The Hearing If I Don't Like The Settlement? | Page __ |
| What If I Bought Shares On Someone Else's Behalf? | Page __ |
| Can I See The Court File?  Whom Should I Contact If I Have Questions? | Page __ |

| WHY DID I GET THIS NOTICE? |
|---|

7.     The purpose of this Notice is to inform you about: (a) this Action, (b) the terms of the proposed Settlement, and (c) your rights in connection with a hearing to be held before the United States District Court, Central District of California (the "Court"), on _____, 202__, at____ _.m., to consider the fairness, reasonableness, and adequacy of the Settlement and related matters.  This Notice also describes the steps to be taken by those who wish to be excluded from the Settlement Class and, for those who remain Settlement Class Members, the steps necessary to seek to be potentially eligible to share in the distribution of the Settlement Fund in the event the Settlement is approved by the Court.

8.     A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members.   (For more information on excluding yourself from the Settlement Class, please read "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?" located below.)

9.     The Court in charge of this case is the United States District Court for the Central District of California, and the case is known as *Zhou v. Faraday Future Intelligent Electric Inc., et al.*, No. 2:21-cv-09914-CAS-JC.  The judge presiding over this case is the Honorable Christina A. Snyder, United States District Judge.  The people who are suing are called the Plaintiffs, and those who are being sued are called Defendants.  In this case, the Defendants are Faraday, Carsten Breitfeld, Zvi Glasman, Jordan Vogel, Aaron Feldman, and Yueting Jia.

10.     This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement if you wish to do so.  It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the application by Lead Counsel for attorneys' fees and litigation expenses (the "Settlement Hearing").

11.     The Settlement Hearing will be held on _____, 202__, at _____ _.m., before the Honorable Christina A. Snyder, at the United States District

Court, Central District of California, Courtroom 8D, 8th Floor, 350 W. First Street, Los Angeles, CA 90012, or remotely per details that will be made publicly available on the Settlement website (www. faradaysettlement.com) in advance of the Settlement Hearing, for the following purposes:

(a)     to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court;

(b)     to determine whether the proposed settlement as provided for under the Stipulation and Agreement of Settlement dated October 5, 2023 (the "Stipulation") should be entered;

(c)     to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(d)     to determine whether the application by Lead Counsel for an award of attorneys' fees and litigation expenses should be approved; and

(e)     to rule upon such other matters as the Court may deem appropriate.

12.     This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing.  This process takes time.  Please be patient.

## WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR?

13.     This Action arises under Sections 10(b), 14(a), and 20(a) of the Securities Exchange Act of 1934, and alleges that during the period between January 28, 2021 and April 14, 2022, inclusive, Defendants Faraday, Carsten Breitfeld, Zvi Glasman, Jordan Vogel, Aaron Feldman, and Yueting Jia made materially false and misleading statements about the number of reservations Faraday had received for its flagship electric vehicle, the FF 91, and Faraday's ability to begin producing the FF 91 within twelve months of its merger with Property Solutions Acquisition Corp. More specifically, Plaintiffs allege that during the Settlement Class Period, Defendants misled investors by telling investors that the FF 91, had received over 14,000 "reservations," when in fact it had only obtained several hundred paid reservations for the FF 91.  Additionally, Plaintiffs allege that Faraday was not even

close to being in a position in its design and manufacturing of the FF 91 to realistically claim that it could bring the FF 91 to market within one year of the merger.

14.     Plaintiffs allege that the misrepresentations or omissions of this information artificially inflated the price of Faraday common stock and that, when the true facts were revealed, the artificial inflation was removed from the price of Faraday common stock, causing the price to drop and damage to members of the Settlement Class.

15.     On December 23, 2021, Jian Zhou filed the initial complaint in *Zhou v. Faraday Future Intelligent Electric Inc., et al.*, No. 2:21-cv-09914-CAS-JC in the United States District Court for the Central District of California.  ECF No. 1.  On March 7, 2022, the Court appointed Byambadorj Nomin, Hao Guojun, Peihao Wang, and Shentao Ye as Lead Plaintiffs and Pomerantz and Wolf Haldenstein as Co-Lead Counsel.  ECF No. 33.

16.     On May 6, 2022, Lead Plaintiffs filed the Amended Class Action Complaint for Violation of the Federal Securities Laws (the "ACAC"), alleging violations of §§10(b), 14(a), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act").  ECF No. 42.  On July 7, 2022, Defendants moved to dismiss the ACAC.  ECF No. 59.  Lead Plaintiffs filed their opposition to the motion to dismiss on September 6, 2022.  ECF No. 60.  Defendants filed a reply in support of their motion to dismiss on October 6, 2022.  ECF No. 61.  The Court held oral argument on the motion on October 17, 2022 and denied in part and granted in part Defendants' motion to dismiss on October 20, 2022.  ECF No. 64.  On November 3, 2022, Defendants filed a motion for reconsideration of the Court's Order on the motion to dismiss.  ECF No. 67.  Plaintiffs filed their opposition on November 21, 2022.  ECF No. 72.  Defendants filed their reply on November 28, 2022.  ECF No. 73.  The Court denied the motion for reconsideration on December 9, 2022.  ECF No. 75.

17.     On February 10, 2023, all Defendants filed their answers and affirmative defenses to the ACAC, ECF Nos. 80, 82, 86; Defendants Aaron Feldman and Jordan Vogel filed a corrected answer on February 13, 2023.  ECF No. 88.

18.     On March 27, 2023, the Parties filed a Joint Discovery Plan.  Lead Plaintiffs served interrogatories and multiple document requests on Defendants and received responses and objections from Defendants. Defendants also served multiple document requests on Plaintiffs and received responses and objections from Plaintiffs.

19.     On April 27, 2023, the Court granted the Parties' joint motion for a temporary stay pending mediation.  ECF No. 97.

20.     The Parties had a private mediation on June 29, 2023 with Jed Melnick, a nationally known mediator of securities class actions.  In advance of the mediation, the parties submitted detailed mediation statements.  The parties negotiated in good faith, but were unable to reach a resolution at mediation, as the Parties' positions remained far apart.  Settlement discussions resumed later and the mediator worked closely with the parties to achieve a settlement in this matter.  These negotiations were protracted, complex, and challenging.   After extensive further discussions and negotiations, with the active involvement of the mediator, the parties reached an agreement-in-principle to settle the case on the terms set forth herein and the parties ultimately asked the Court on August 31, 2023 to stay all deadlines to allow the Parties to focus their attention on finalizing the settlement. ECF No. 100.  On August 30, 2023, the parties executed a memorandum of understanding regarding the settlement of the Action for $7.5 million.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

21.     If you are a member of the Settlement Class, you are subject to the Settlement unless you timely request to be excluded.  The Settlement Class consists of (a) all persons and entities who purchased or otherwise acquired Faraday securities between January 28, 2021 and April 14, 2022, both dates inclusive, and/or (b) beneficially owned and/or held the Class A common stock of PSAC as of June 21, 2021 and were eligible to vote at PSAC's July 20, 2021 special meeting and were allegedly damaged thereby (the "Settlement Class").  Excluded from the Settlement Class are: (i) Defendants, (ii) current and former officers and directors of Faraday; (iii) members of the immediate family of each of the Individual Defendants (as defined in Item 404 of SEC Regulation S-K, 17 C.F.R. §229.404, Instructions (1)(a)(iii) & (1)(b)(ii)); (iv) all subsidiaries and affiliates of Faraday; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any of the Defendants has a controlling interest and (vi) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding five categories.  Also excluded from the Settlement Class is any Person who timely and validly seeks exclusion from the Settlement Class in accordance with the requirements set by the Court.  Anyone with questions as to whether or not they are excluded from the Settlement Class may call the Claims Administrator toll-free at (866) 274-4004.  (*See* "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?," below.)

RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU WISH TO BE POTENTIALLY ELIGIBLE TO RECEIVE A DISTRIBUTION OF THE SETTLEMENT PROCEEDS, YOU MUST COMPLETE, SIGN AND SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN [_____], 202__ OR ONLINE AT WWW.FARADAYSETTLEMENT.COM BY 11:59 P.M. EST ON _____, 202_.

## WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?

22.     Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. Plaintiffs and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the difficulties in establishing liability and damages. Plaintiffs and Lead Counsel have considered the amount of the Settlement, as well as the uncertain outcome and risk in complex lawsuits like this one. Such risks include, among others, the risk that Plaintiffs would be unsuccessful in proving that Defendants' alleged misstatements were materially false and misleading, made with scienter (that is, the requisite state of mind), or caused compensable damages to the Settlement Class.

23.     In light of the amount of the Settlement and the immediacy of recovery to the Settlement Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit now, namely $7.5 million in cash (less the various deductions described in this Notice), as compared to the risk that the claims would produce a smaller recovery, or no recovery, after summary judgment, trial and appeals, possibly years in the future as well as the risks associated with Faraday's financial position.

24.     Defendants have denied and continue to deny each and all of the claims alleged by Plaintiffs in the Action. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied and continue to deny, among other things, the allegations that Plaintiffs or the Settlement Class have suffered any damage, and that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

25.     If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of the alleged claims, neither Plaintiffs nor the Settlement Class would recover anything from Defendants.  Additionally, if Defendants were successful in proving any of their defenses, the Settlement Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW MUCH WILL MY PAYMENT BE?

26.     The Individual Defendants have agreed to cause to be paid Seven Million, Five Hundred Thousand Dollars ($7,500,000.00) in cash into escrow for the benefit of the Settlement Class.  At this time, it is not possible to make any determination as to how much individual Settlement Class Members may receive from the Settlement.  Plaintiffs have proposed a plan for allocating to those Settlement Class Members who timely submit valid Proof of Claim and Release forms.  The Plan of Allocation proposed by Plaintiffs is set forth below, and additional information is available on the website created for purposes of this Settlement, www.faradaysettlement.com.

27.     All members of the Settlement Class who fail to timely submit an acceptable Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including Settlement Class Members' release of all Released Claims.

28.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any member of the Settlement Class.

29.     The Plan of Allocation set forth below is the proposed plan submitted by Plaintiffs and Lead Counsel for the Court's approval.  The Court may approve this plan as proposed or it may modify it without further notice to the Settlement Class.

30.     Each claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Central District of California with respect to his, her, or its Claim Form.

31.     Persons and entities that exclude themselves from the Settlement Class will not be eligible to receive a distribution from the Settlement Fund and shall not submit Proof of Claim and Release forms.

## PLAN OF ALLOCATION

32.     The objective of the Plan of Allocation is to equitably distribute the settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  In developing the Plan of Allocation, Plaintiffs' damages expert calculated the potential amount of estimated alleged artificial inflation in Faraday common stock which allegedly was proximately caused by Defendants' alleged false and misleading statements and material omissions. In calculating the estimated alleged artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Plaintiffs' damages expert considered the market and industry adjusted price changes in the price of Faraday common stock following certain corrective disclosures regarding Faraday and the allegations in the ACAC.

33.     The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Settlement Fund.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

**Calculation of Recognized Loss Amounts for Class Members with 10(b) Claims**

34.     In order to have recoverable damages under Section 10(b) of the Exchange Act during the Settlement Class Period, a disclosure of the alleged truth omitted or concealed by the misrepresentations must be the cause of the decline in the price of Faraday common stock.  In this case, Plaintiffs allege that Defendants made false statements and omitted material facts during the Settlement Class Period, which had the effect of artificially inflating or maintaining inflation in the price of Faraday common stock. Plaintiffs further allege that corrective disclosures removed artificial inflation from the price of Faraday common stock on November 15, 2021, November 23, 2021 and April 14, 2022 (the "Corrective Disclosure Dates").  Thus, in order for a Settlement Class Member to have a Recognized Loss Amount in Faraday common stock under the Plan of Allocation, Faraday common stock must have been purchased or acquired during the Settlement Class Period and held through the at least one of the Corrective Disclosure Dates.

35.    Based on the formulas set forth below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Faraday common stock during the Settlement Class Period that is listed in the Proof of Claim and Release form and for which adequate documentation is provided.  In the calculations below, if a Recognized Loss Amount calculates to a negative number, that Recognized Loss Amount shall be zero. Any transactions in Faraday common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session for the U.S. financial markets.

The allocation below is based on the following inflation per share amounts for Settlement Class Period common stock purchases and sales as well as the "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The limitations on the calculation of the Recognized Loss Amount imposed by the PSLRA are applied such that losses on Faraday common stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period. The Recognized Loss on Faraday common stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

**Table A – Artificial Inflation in Faraday Common Stock**

| From | To | Artificial Inflation per Share |
|---|---|---|
| January 28, 2021 | November 15, 2021 | $1.58 |
| November 16, 2021 | November 22, 2021 | $.80 |
| November 23, 2021 | April 14, 2022 | $.16 |

For shares of Faraday common stock purchased, or otherwise acquired, between January 28, 2021 and April 14, 2022, both dates inclusive, the Recognized Loss Amount per share shall be calculated as follows:

a. For each share of Faraday common stock purchased/acquired during the Settlement Class Period that was subsequently sold prior to April 15,

- 14 -

2022, the Recognized Loss Amount per share is *the lesser of*:

    i.   the amount of artificial inflation per share upon purchase/acquisition minus the amount of artificial inflation per share upon sale as set forth in **Table A above**; or

    ii.   the purchase/acquisition price *minus* the sale price.

b.   For each share of Faraday common stock purchased/acquired during the Settlement Class Period that was subsequently sold during the period April 15, 2022 through July 14, 2022, inclusive, (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss Amount per share is *the lesser of*:

    i.   the amount of artificial inflation per share on the date of purchase/acquisition as set forth in **Table A above**; or

    ii.   the purchase price *minus* the "90-Day Lookback Value" on the date of sale as provided in Table B below.

c.   For each share of Faraday common stock purchased/acquired during the Settlement Class Period that was still held as of the close of trading on July 14, 2022, the Recognized Loss Amount per share is *the lesser of*:

    i.   the amount of artificial inflation per share on the date of purchase/acquisition as set forth in **Table A above**; or

    ii.   the purchase price *minus* the average closing price for Faraday common stock during the 90-Day Lookback Period, which is $3.24[2].

d.   For each share of Faraday common stock purchased after April 14, 2022, the Recognized Loss Amount per share is $0.

---

[2] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $3.24 per share was the mean (average) daily closing trading price of the Company's common stock during the 90-day period beginning on April 18, 2022 through and including on July 14, 2022.

## Table B – 90-Day Lookback Value

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|
| 4/18/2022 | $4.28 | $4.28 | 5/31/2022 | $3.15 | $2.92 |
| 4/19/2022 | $4.48 | $4.38 | 6/1/2022 | $3.42 | $2.93 |
| 4/20/2022 | $4.45 | $4.40 | 6/2/2022 | $3.19 | $2.94 |
| 4/21/2022 | $3.88 | $4.27 | 6/3/2022 | $2.87 | $2.94 |
| 4/22/2022 | $3.76 | $4.17 | 6/6/2022 | $2.72 | $2.93 |
| 4/25/2022 | $3.56 | $4.07 | 6/7/2022 | $2.86 | $2.93 |
| 4/26/2022 | $3.10 | $3.93 | 6/8/2022 | $2.82 | $2.93 |
| 4/27/2022 | $2.99 | $3.81 | 6/9/2022 | $2.56 | $2.92 |
| 4/28/2022 | $2.87 | $3.71 | 6/10/2022 | $2.28 | $2.90 |
| 4/29/2022 | $2.58 | $3.59 | 6/13/2022 | $2.35 | $2.89 |
| 5/2/2022 | $2.62 | $3.51 | 6/14/2022 | $2.50 | $2.88 |
| 5/3/2022 | $2.44 | $3.42 | 6/15/2022 | $2.27 | $2.86 |
| 5/4/2022 | $2.55 | $3.35 | 6/16/2022 | $2.50 | $2.86 |
| 5/5/2022 | $2.30 | $3.28 | 6/17/2022 | $2.55 | $2.85 |
| 5/6/2022 | $2.37 | $3.22 | 6/21/2022 | $2.43 | $2.84 |
| 5/9/2022 | $1.99 | $3.14 | 6/22/2022 | $2.43 | $2.83 |
| 5/10/2022 | $1.81 | $3.06 | 6/23/2022 | $2.48 | $2.82 |
| 5/11/2022 | $1.72 | $2.99 | 6/24/2022 | $2.27 | $2.81 |
| 5/12/2022 | $2.03 | $2.94 | 6/27/2022 | $2.24 | $2.80 |
| 5/13/2022 | $2.46 | $2.91 | 6/28/2022 | $2.41 | $2.79 |
| 5/16/2022 | $2.52 | $2.89 | 6/29/2022 | $2.60 | $2.79 |
| 5/17/2022 | $2.86 | $2.89 | 6/30/2022 | $3.55 | $2.80 |
| 5/18/2022 | $3.12 | $2.90 | 7/1/2022 | $5.28 | $2.85 |
| 5/19/2022 | $2.84 | $2.90 | 7/5/2022 | $4.54 | $2.88 |
| 5/20/2022 | $2.78 | $2.89 | 7/6/2022 | $5.50 | $2.93 |
| 5/23/2022 | $2.64 | $2.88 | 7/7/2022 | $5.40 | $2.97 |
| 5/24/2022 | $2.60 | $2.87 | 7/8/2022 | $5.47 | $3.01 |
| 5/25/2022 | $3.00 | $2.88 | 7/11/2022 | $5.74 | $3.06 |
| 5/26/2022 | $3.05 | $2.88 | 7/12/2022 | $5.90 | $3.11 |
| 5/27/2022 | $3.19 | $2.89 | 7/13/2022 | $7.00 | $3.17 |
| 5/31/2022 | $3.30 | $2.91 | 7/14/2022 | $7.52 | $3.24 |

**Calculation of Recognized Loss Amount for Settlement Class Members with Section 14(a) Claims**

In order to have recoverable damages under Section 14(a) of the Exchange Act, Settlement Class Members must have held PSAC common stock as of June 21, 2021; were eligible to vote at PSAC's July 20, 2021 special meeting; and subsequently exchanged these shares for Faraday common stock on or about July 21, 2021. The Recognized Loss Amount per share shall be calculated as follows:

    a) For shares sold during the period July 21, 2021 through April 14, 2022, inclusive, the Recognized Loss Amount is $10.00 per share minus the sale price per share.

    b) For shares held as of the close of trading on April 14, 2022, the Recognized Loss per share is $5.72 per share[3].

## ADDITIONAL PROVISIONS

36.    The Settlement Fund will be allocated among all Authorized Claimants based on the amount of each Authorized Claimant's Recognized Loss (defined below).

37.    If a Settlement Class Member has more than one purchase/acquisition or sale of Faraday common stock, purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis.  Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.  Shares eligible for the 10(b) Claim are not eligible for the 14(a) Claim and visa-versa.

38.    A Claimant's "Recognized Loss" under the Plan of Allocation shall be the sum of his, her, or its Recognized Loss Amounts.

39.    The Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Losses.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Loss divided by the total Recognized

---

[3] This represents the difference between $10.00 per share less the "Holding Value" of $4.28 per share of Faraday common stock held as of the close of trading on April 14, 2022.

Losses of all Authorized Claimants, multiplied by the total amount in the Settlement Fund.    If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

40.    Purchases or acquisitions and sales of Faraday common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of Faraday common stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of Faraday common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any Faraday common stock unless (i) the donor or decedent purchased or otherwise acquired such Faraday common stock during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

41.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Faraday common stock.  The date of a "short sale" is deemed to be the date of sale of the Faraday common stock.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a claimant has an opening short position in Faraday common stock, the earliest Settlement Class Period purchases or acquisitions of Faraday common stock shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

42.    Option contracts are not securities eligible to participate in the Settlement.  With respect to Faraday common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price of the common stock is the exercise price of the option.

43.    To the extent a claimant had a Market Gain with respect to his, her, or its overall transactions in Faraday common stock during the Settlement Class Period, the value of the claimant's Recognized Loss shall be zero.  Such claimants shall in any event be bound by the Settlement.  To the extent that a claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Faraday common stock during the Settlement Class Period, but that Market Loss was less than the total Recognized Loss calculated above, then the claimant's Recognized Loss shall be limited to the amount of the actual Market Loss. For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the

claimant's Total Purchase Amount[4] and (ii) the sum of the claimant's Total Sales Proceeds[5] and the claimant's Holding Value.[6]  If the claimant's Total Purchase Amount *minus* the sum of the claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the claimant's Market Loss; if the number is a negative number or zero, that number will be the claimant's Market Gain.

44.     After the initial distribution of the Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the fund within a reasonable time after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.

45.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No Person shall have any claim against the Plaintiffs, the Settlement Class, Plaintiffs' Counsel, Released Defendant Parties (as defined below), Defendants Counsel, or the Claims Administrator based on distributions made substantially in accordance with the Settlement, the Stipulation, the Plan of Allocation, or otherwise as further ordered by the Court.  The Plaintiffs, Defendants, their respective counsel,

---

[4] The "Total Purchase Amount" is the total amount the claimant paid (excluding all fees, taxes, and commissions) for all shares of Faraday common stock purchased or acquired during the Settlement Class Period.

[5] The Claims Administrator shall match any sales of Faraday common stock during the Settlement Class Period first against the Claimant's opening position in Faraday common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (not deducting any fees, taxes, and commissions) for sales of the remaining Faraday common stock sold during the Settlement Class Period is the "Total Sales Proceeds."

[6] The Claims Administrator shall ascribe a "Holding Value" of $4.28 per share of Faraday common stock purchased during the Settlement Class Period that was still held as of the close of trading on April 14, 2022.

Plaintiffs' damages expert, and all other releasees, including the Released Defendant Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

46.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Plaintiffs after consultation with its damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.  Any orders regarding any modification of the Plan of Allocation will be posted on the Settlement website.

## WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?

47.    If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that Plaintiffs and all other Released Plaintiffs Parties (as defined in ¶51 below) shall have waived, released, discharged, and dismissed each and every one of the Released Claims (as defined in ¶48 below), including Unknown Claims (as defined in ¶52 below), against each and every one of the Released Defendant Parties (as defined in ¶50 below) and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties, whether or not they execute and deliver the Claim Form or share in the Settlement Fund.  Claims to enforce the terms of the Settlement are not released.

48.    "Released Plaintiffs' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether class or individual in nature, whether contingent or absolute, mature or unmature, discoverable or undiscoverable, liquidated or unliquidated, accrued or unaccrued, including those that are concealed or hidden, that Lead Plaintiffs or any other member(s) of the Settlement Class asserted or could have asserted now or in the future in any forum that both (i) arise out of, are based upon, or are related in any way to the allegations, transactions, facts, events, matters,

occurrences, disclosures, statements, representations, acts or omissions that were referred to or alleged, or that could have been referred to or alleged, in the Action, and (ii) relate in any way to the purchase or acquisition of Faraday or PSAC common stock by the Settlement Class during the Settlement Class Period.  Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement.

49.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiff Parties, including Plaintiffs' Counsel, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for (i) any claims relating to the enforcement of the Settlement or (ii) any claims against any Person who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

50.    "Released Defendant Parties" means collectively, each and all of (i) the Defendants, the members of each Defendant's immediate family, any entity in which any Defendant or member of any Defendant's immediate family has or had a controlling interest (directly or indirectly), any estate or trust of which any Defendant is a settlor or which is for the benefit of any Defendant and/or members of his/her family; and (ii) for each and every Person listed in part (i), their respective former, present or future parents, subsidiaries, divisions and affiliates and the respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, attorneys, consultants, advisors, accountants, auditors, and insurers and reinsurers of each of them; and the predecessors, successors, estates, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

51.    "Released Plaintiffs Parties" means the Plaintiffs, each and every Settlement Class Member, Plaintiffs' Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members.  Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class.

52.    "Unknown Claims" means any and all Released Plaintiffs' Claims that Plaintiffs or any other Settlement Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor, regardless of whether such claim(s), if known by him, her or it, might have affected his, her or its decision to enter into this Settlement, execute this Stipulation, and agree to all the various releases set forth herein, or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Settlement Class.   Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden.   With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Released Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Settlement Class Members (as regards to the Released Plaintiffs' Claims) and the Defendants (as regards to the Released Defendants' Claims) shall expressly waive and relinquish, and each Settlement Class Member shall be deemed to have and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Cal. Civ. Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

53.    The Judgment also will provide that Defendants and each of the other Released Defendant Parties shall be deemed to have waived, released, discharged, and dismissed as against the Released Plaintiffs Parties all Released Defendants' Claims which includes all claims and causes of action of every nature and description, including both known claims and Unknown Claims, whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiffs Parties, including Plaintiffs' Counsel, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

54.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been paid for their expenses.  Before final approval of the Settlement, Lead Counsel intends to apply to the Court for an award of attorneys' fees on behalf of all Plaintiffs' Counsel (Pomerantz, Wolf Haldenstein, Rosen, and Hao Law Firm Bejing Hao Junbo Law Firm) from the Settlement Fund of no more than 33.3% of the Settlement Amount, plus interest.  At the same time, Lead Counsel also intends to apply for payment from the Settlement Fund for Plaintiffs' Counsel's litigation expenses in a total amount not to exceed $440,000, plus interest.  The Court will determine the amount of the award of fees and expenses.  Lead Counsel may apply for awards to Lead Plaintiffs in connection with its members' representation of the Settlement Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

55.    If you fall within the definition of the Settlement Class as described above, and you are not excluded by the definition of the Settlement Class and you do not elect to exclude yourself from the Settlement Class, then you are a Settlement Class Member, and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Settlement Class.  If you are a Settlement Class Member, you must submit a Claim Form and supporting documentation postmarked no later than _____ to the Claims Administrator (see address in ¶ 73 below) or online at www.faradaysettlement.com by 11:59 p.m. EST on _____, 202_ to establish your potential entitlement to share in the proceeds of the Settlement.  A Claim Form is included with this Notice, or you may go to the website maintained by the Claims Administrator for the Settlement to request that a Claim Form be mailed to you.  The website is www.faradaysettlement.com.  You may also request a Claim Form by calling toll-free (866) 274-4004.  Those who exclude themselves from the Settlement Class, and those who do not submit timely and valid Claim Forms with adequate supporting documentation, will not be entitled to share in the proceeds of the Settlement unless otherwise ordered by the Court.  Please retain all original records of your ownership of, or transactions in the shares, as they may be needed to document your claim.

56.     As a Settlement Class Member, for purposes of the Settlement, you are represented by Plaintiffs, and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf.

57.     If you do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?" below.  If you exclude yourself from the Settlement Class, you will not be eligible to receive any benefit from the Settlement and you should not submit a Claim Form but you will retain the right to be a part of any other lawsuit against any of the Released Defendant Parties (as defined in ¶50 above) with respect to any of the Released Plaintiffs' Claims (as defined in ¶48 above).

58.     If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and litigation expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.  If you exclude yourself from the Settlement Class, you are not entitled to submit an objection.

## WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT? HOW DO I EXCLUDE MYSELF?

59.     Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit concerning the Settlement, whether favorable or unfavorable, unless such person or entity mails, by first-class mail (or its equivalent outside the U.S.), or otherwise delivers a written request for exclusion from the Settlement Class, addressed to *Faraday Securities Litigation*, ATTN: EXCLUSION REQUEST, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063. The exclusion request must be ***received*** no later than _____, 202__. Each request for exclusion must clearly indicate the name, address and telephone number of the person or entity seeking exclusion, that the sender requests to be excluded from the Settlement Class in *Zhou v. Faraday Future Intelligent Electric Inc., et al.*, No. 2:21-cv-09914-CAS-JC, and must be signed by such person.  Such persons or entities requesting exclusion are also directed to provide the following information: the number of Faraday common stock that the Person requesting exclusion (i) owned as of the opening of trading on January 28, 2021; and (ii) purchased, acquired and/or sold from January 28, 2021 through April 14, 2022, inclusive, as well as the number of shares, dates and prices for each such purchase, acquisition and sale.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.  Should you elect to exclude yourself from the Settlement Class, you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.

60.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Claim against any of the Released Defendant Parties.  Excluding yourself from the Settlement Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Released Defendant Parties concerning the Released Claims.  Please note, however, if you decide to exclude yourself from the Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of limitations and/or statute of repose.

61.     If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Settlement Fund.  If a person or entity requests to be excluded from the Settlement Class, that person or entity will not receive any benefit provided for in the Stipulation.

62.   If the requests for exclusion from the Settlement exceed a certain amount, as set forth in a separate confidential supplemental agreement between Plaintiffs and Defendants (the "Supplemental Agreement"), Defendants shall have, in their discretion, the option to terminate the Settlement in accordance with the procedures set forth in the Supplemental Agreement.

<div style="border:1px solid black; text-align:center;">

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?
DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

</div>

63.   **If you do not wish to object in person to the proposed Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and litigation expenses, you do not need to attend the Settlement Hearing.  You can object to or participate in the Settlement without attending the Settlement Hearing.**

64.   The Settlement Hearing will be held on _____, 202__, at _____ _.m., before the Honorable Christina A. Snyder, at the United States District Court, Central District of California, Courtroom 8D, 8th Floor, 350 W. First Street, Los Angeles, CA 90012, or remotely per details that will be made publicly available on the Settlement website (www.faradaysettlement.com) in advance of the Settlement Hearing.  The Court reserves the right to approve the Settlement or the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

65.   Any Settlement Class Member who does not request exclusion such that it is received no later than _____, 202__, may object to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses.[7]  You can ask the Court to deny approval by filing an objection.  You cannot ask the Court to order a different settlement; the Court can only approve or reject the settlement.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If that is what you want to happen, you must object.

66.   Any objection to the proposed Settlement must be in writing.  All written objections and supporting papers must (a) clearly identify the case name and number

---

[7] Plaintiffs' initial motion papers in support of these matters will be filed with the Court on or before _____, 202__.

(*Zhou v. Faraday Future Intelligent Electric Inc., et al.*, No. 2:21-cv-09914-CAS-JC),
(b) be submitted to the Court either by mailing them to the Clerk of the Court, United
States District Court, Central District of California, Courtroom 8D, 8th Floor, 350 W.
First Street, Los Angeles, CA 90012, or by filing them in person at any location of
the United States District Court for the Central District of California, and (c) be
received or filed on or before _____, 202__.

      67.    The notice of objection must include documentation establishing the
objecting Person's membership in the Settlement Class, including the number of
Faraday common stock that the objecting Person (1) owned as of the opening of
trading on January 28, 2021, and (2) purchased, acquired and/or sold during the
Settlement Class Period, as well as the dates and prices for each such purchase,
acquisition and sale, and contain a statement of reasons for the objection, copies of
any papers, briefs, or other documents upon which the objection is based, a statement
of whether the objector intends to appear at the Settlement Hearing, and the objector's
signature, even if represented by counsel.  The objection must state whether it applies
only to the objector, to a specific subset of the Settlement Class, or to the entire
Settlement Class.  In addition, the objector must identify all class action settlements
to which the objector or his, her or its counsel have previously objected.
Documentation establishing membership in the Settlement Class must consist of
copies of brokerage confirmation slips or monthly brokerage account statements, or
an authorized statement from the objector's broker containing the transactional and
holding information found in a broker confirmation slip or account statement.
Objectors who desire to present evidence at the Settlement Hearing in support of their
objection must include in their written objection or notice of appearance the identity
of any witnesses they may call to testify and any exhibits they intend to introduce into
evidence at the hearing.

      68.    You may not object to the Settlement or any aspect of it if you exclude
yourself from the Settlement Class.

      69.    You may file a written objection without having to appear at the
Settlement Hearing.  You may not appear at the Settlement Hearing to present your
objection, however, unless you have first filed a written objection in accordance with
the procedures described above, unless the Court orders otherwise.

      70.    You are not required to hire an attorney to represent you in making
written objections or in appearing at the Settlement Hearing.  If you decide to hire an
attorney, which will be at your own expense, he or she must file a notice of appearance
with the Court so that the notice is received on or before ____, 202__.

71.    The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class, other than a posting of the adjournment on the Settlement website, Faradaysettlement.com.  If you plan to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

**Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses.  Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

72.    Nominees who purchased or acquired Faraday common stock for beneficial owners/purchasers who are Settlement Class Members are directed to: (a) request within seven (7) calendar days of receipt of notice additional copies of the Notice and the Claim Form from the Claims Administrator and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners/purchasers; (b) request a direct link to the Notice and Claim Form on the settlement website to email and within seven (7) days of receipt of the link email to all such beneficial owners/purchasers; or (c) send a list of the names, addresses, and email addresses (if available) of such beneficial owners/purchasers to the Claims Administrator within seven (7) calendar days after receipt of notice.  If a nominee elects to mail or email the Notice Packet to beneficial owners/purchasers, such nominee is directed to mail/email the Notice Packet within seven (7) calendar days of receipt of the additional copies of the Notice and Claim Form/link to the Notice Packet from the Claims Administrator, and upon such mailing/emailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing/emailing was made as directed, and the nominee shall retain the list of names, addresses, and email addresses for use in connection with any possible future notice to the Settlement Class.  Upon full compliance with these instructions, including the timely mailing/emailing of the Notice Packet to beneficial owners/purchasers, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions in an amount not to exceed $0.05 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet; or $0.03 per Notice Packet transmitted by email; or $0.05 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for

which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice, if the nominee elected or elects to do so.  Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.  Copies of this Notice may also be obtained by calling toll-free (866) 274-4004, and may be downloaded from the Settlement website, www.faradaysettlement.com.

---

## CAN I SEE THE COURT FILE?
## WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

---

73.   This Notice contains only a summary of the terms of the proposed Settlement.  More detailed information about the matters involved in the Action is available at www.faradaysettlement.com, including, among other documents, copies of the Stipulation and Proof of Claim and Release.  This Notice summarizes the proposed Settlement.  For the precise terms and conditions of the Settlement, please see the Stipulation available at Faradaysettlement.com, or by contacting Lead Counsel below.  You may also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://pacer.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court, Central District of California, Courtroom 8D, 8th Floor, 350 W. First Street, Los Angeles, CA 90012, during regular office hours, Monday through Friday, excluding Court holidays.  All inquiries concerning this Notice or the Claim Form should be directed to:

*Faraday Securities Litigation*
c/o Strategic Claims Services,
600 N. Jackson Street, Suite 205
Media, PA 19063
(866) 274-4004

Claims Administrator

**-or-**

Austin Van, Esq.
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, NY 10016
(212) 661-1100
avan@pomlaw.com

Co-Lead Counsel

**DO NOT CALL OR WRITE THE COURT, DEFENDANTS, DEFENDANTS'
COUNSEL, OR THE OFFICE OF THE CLERK OF COURT
REGARDING THIS NOTICE.**

Dated: _____, 202__

By Order of the Court
United States District Court
Central District of California

# Exhibit A-2

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIAN ZHOU, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>FARADAY FUTURE INTELLIGENT ELECTRIC INC. f/k/a PROPERTY SOLUTIONS ACQUISITION CORP., CARSTEN BREITFELD, ZVI GLASMAN, WALTER J. MCBRIDE, JORDAN VOGEL, AARON FELDMAN, and YUETING JIA,<br><br>Defendants. | Case No.: 2:21-cv-09914-CAS-JC<br><br><br>**PROOF OF CLAIM AND RELEASE**<br><br>EXHIBIT A-2 |

*Faraday Securities Litigation*

**c/o Strategic Claims Services**

**600 North Jackson Street – Suite 205**

**Media, PA 19063**

**Toll-Free Number: (866) 274-4004**

**Email:  info@strategicclaims.net**

**Website:  www.faradaysettlement.com**

## PROOF OF CLAIM

To be eligible to receive a share of the Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim Form ("Claim Form") and mail it by first-class mail to the above address, ***postmarked* no later than _____, 202__  or submit it online at the above website on or before 11:59 p.m. EST on _____, 202__**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

## PART I – INTRODUCTION

### A.    General Instructions

1.    To recover as a member of the Settlement Class based on your claims in the action entitled *Zhou v. Faraday Future Intelligent Electric Inc., et al.*, No. 2:21-cv-09914-CAS-JC (the "Action"), you must complete, and on page 14 hereof, sign this Proof of Claim and Release ("Claim Form").  If you fail to file a properly addressed (as set forth in paragraph 3 below) Claim Form, your claim may be rejected, and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Action.

2.    Submission of this Claim Form, however, does not assure that you will share in the proceeds of settlement in the Action.

3.    YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED CLAIM FORM ON OR BEFORE _____, 202_, ADDRESSED AS FOLLOWS:

> *Faraday Securities Litigation*
> c/o Strategic Claims Services
> 600 North Jackson Street – Suite 205
> Media, PA 19063

If you are NOT a member of the Settlement Class, as defined below and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), DO NOT submit a Claim Form.

4.      If you are a member of the Settlement Class and you do not timely and validly request exclusion from the Settlement Class, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

5.      It is important that you completely read and understand the Notice that accompanies this Claim Form, including the Plan of Allocation of the Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

**B.      Claimant Identification**

1.      If you purchased or acquired Faraday Future Intelligent Electric, Inc. ("Faraday") common stock and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer.  If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.     Use Part II of this form entitled "Claimant Identification" to identify the beneficial owner(s) of Faraday common stock.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the eligible Faraday common stock in your own name, you are the beneficial owner as well as the record owner.  If, however, your shares of eligible Faraday common stock were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner.  THIS CLAIM MUST BE FILED AND SIGNED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF FARADAY COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

3.     All joint purchasers must sign this Claim Form and be identified in Part II.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

4.     **One Claim Form should be submitted for each separate legal entity.**  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim

Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

5.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

> (a)     expressly state the capacity in which they are acting;

> (b)     identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Faraday common stock; and

> (c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

6.     By submitting a signed Claim Form, you will be swearing that you:

> (a)     own or owned the Faraday common stock you have listed in the Claim Form; or

> (b)     are expressly authorized to act on behalf of the owner thereof.

**C.     Claim Form**

1.     Use Part III of this form entitled "Schedule of Transactions in Faraday Common Stock" to supply all required details of your transaction(s) in Faraday common stock.  Use Part IV of this form entitled "Schedule of Transactions in PSAC

Common Stock" to supply all required details of your transaction(s) in PSAC common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to all of your purchases and acquisitions and all of your sales of Faraday common stock that took place at any time on or between and including January 28, 2021 through July 14, 2022, whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.  Also, list the number of Faraday common stock held at the close of trading on January 27, 2021 and July 14, 2022.   Lastly and if applicable, state the total number of PSAC common stock shares held as of June 21, 2021, that were exchanged for shares of Faraday common stock on or about July 21, 2021.

3.      List each transaction in the Settlement Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

4.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Faraday common stock set forth in the Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker

- 5 -

confirmation slip or account statement.  The parties and the Claims Administrator do not independently have information about your investments in Faraday common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents**.

5.      The above requests are designed to provide the minimum amount of information necessary to process the simplest claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses.  In the event the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Settlement Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the claimant's responsibility for any increased costs due to the nature and/or scope of the claim.

6.      If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the

completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

7.      **PLEASE NOTE:**   As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

8.      If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Strategic Claims Services, at the address on the first page of the Claim Form, by email at info@strategicclaims.net, or by toll-free phone at (866) 274-4004, or you can visit the website, www.faradaysettlement.com, where copies of the Claim Form and Notice are available for downloading.

**9.**      NOTICE   REGARDING   INSTITUTIONAL   FILERS:      Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the *mandatory* electronic filing requirements and file layout, you may visit the Settlement website at www.faradaysettlement.com or you may email the Claims Administrator's electronic filing department at efile@strategicclaims.net.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  Only one claim should be submitted for each separate legal entity (*see*

- 7 -

¶B.4 above) and the *complete* name of the beneficial owner(s) of the securities must be entered where called for (*see* ¶B.2 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at efile@strategicclaims.net to inquire about your file and confirm it was received.**

## IMPORTANT:  PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (866) 274-4004.**

## **PART II – CLAIMANT IDENTIFICATION**

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Joint Beneficial Owner's Name (if applicable) (First, Middle, Last)

_____

Name of Representative, if applicable (executor, administrator, trustee, c/o, etc.), if different from Beneficial Owner

_____

Street Address

_____        _____

City                                                              State or Province

_____        _____

Zip Code or Postal Code                              Country

_____        _____        Individual
                                                                    _____        Corporation/Other

Social Security Number or
Taxpayer Identification Number

_____    _____

Area Code                    Telephone Number (work)

_____    _____

Area Code                    Telephone Number (home)

_____

Record Owner's Name (if different from beneficial owner listed above)

## **PART III – SCHEDULE OF TRANSACTIONS IN FARADAY COMMON STOCK**

Please be sure to include proper documentation with your Claim Form as described in detail in ¶C.4 of the Instructions.  Do not include information in this section regarding securities other than Faraday common stock.

A.   Number of Faraday common stock held at the close of trading on January 28, 2021.  (Must be documented.)  If none, write "zero": _____

B.   Purchases or acquisitions of Faraday common stock (January 28, 2021-July 14, 2022, inclusive) (Must be documented.):

| Date of Purchase/ Acquisition (Trade Date) Mo. / Day / Year | Number of Shares Purchased or Acquired | Purchase / Acquisition Price Per Share | Total Purchase or Acquisition Price (excluding any taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

IMPORTANT:  If any purchase listed covered a "short sale," please mark Yes:  ☐ Yes

C.   Sales of Faraday common stock (January 28, 2021-July 14, 2022, inclusive) (Must be documented.):

| Trade Date Mo. / Day / Year | Number of Shares Sold | Sale Price Per Share | Total Sales Price (not deducting any taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |
| /    / | | $ | $ |

D.   Number of shares of Faraday common stock held at the close of trading on July 14, 2022.  (Must be documented.)  If none, write "zero":  _____.

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

## PART IV – SCHEDULE OF TRANSACTIONS IN PSAC COMMON STOCK

Please be sure to include proper documentation with your Claim Form as described in detail in ¶C.4 of the Instructions.  Do not include information in this section regarding securities other than PSAC common stock.

A.   Number of PSAC common stock held at the close of trading on June 20, 2021.  (Must be documented.)  If none, write "zero": _____

B.   Purchases or acquisitions of PSAC common stock by the end of trading on June 21, 2021 (Must be documented.):

| Date of Purchase/ Acquisition (Trade Date) Mo. / Day / Year | Number of Shares Purchased or Acquired | Purchase / Acquisition Price Per Share | Total Purchase or Acquisition Price (excluding any taxes, commissions, and fees) |
|---|---|---|---|
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |

IMPORTANT:  If any purchase listed covered a "short sale," please mark Yes: ☐ Yes

C.   Sales of PSAC common stock by the end of trading on June 21, 2021 (Must be documented.):

| Trade Date Mo. / Day / Year | Number of Shares Sold | Sale Price Per Share | Total Sales Price (not deducting any taxes, commissions, and fees) |
|---|---|---|---|
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |

D.   Total number of shares of PSAC common stock held at the close of trading on June 21, 2021.  (Must be documented.)  If none, write "zero": _____.

E.   Were you *eligible* to vote at PSAC's July 20, 2021 special meeting?  (Must be documented.)  Write "yes" or "no": _____.

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 14.
FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN
PROCESSING OR THE REJECTION OF YOUR CLAIM.**

## PART V – SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Claim Form under the terms of the Stipulation and Agreement of Settlement dated October 5, 2023 ("Stipulation") described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Central District of California, with respect to my (our) claim as a Settlement Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to Lead Counsel and/or the Claims Administrator to support this claim if required to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of Faraday common stock during the Settlement Class Period and know of no other Person having done so on my (our) behalf.

## PART VI – RELEASE

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish and discharge all of the Released Claims (including Unknown Claims) against each and all of the Released Defendant Parties, all as defined herein and in the Notice and Stipulation.

- 12 -

2.    This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

3.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof and have not submitted any other claim covering the same purchases of Faraday common stock and know of no other person having done so on my (our) behalf.

4.    I (We) hereby warrant and represent that I (we) have included all requested information about all of my (our) purchases or acquisitions of Faraday common stock during the Settlement Class Period and 90-Day Lookback Period as well as the number of securities held at the close of trading on January 27, 2021 and July 14, 2022.

5.    The number(s) shown on this form is (are) the correct SSN/TIN(s).

6.    I (We) waive the right to trial by jury, to the extent it exists, and agree to the determination by the Court of the validity or amount of this claim, and waive any right of appeal or review with respect to such determination.

7.    I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

(NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 7 above.)

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 20__,
(Month/Year)

in _____, _____
(City)                    (State/Country)

_____
(Sign your name here)


_____
(Type or print your name here)


_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser or Acquirer, Executor or Administrator)

For Joint Beneficial Purchaser, if any:

_____
(Sign your name here)


_____
(Type or print your name here)

ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.      Please sign the above release and acknowledgment.

2.      Remember to attach copies of supporting documentation, if available.

3.      Do not send original stock certificates.  Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

4.      Keep a copy of your Claim Form and all supporting documentation for your records.

5.      The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at (866) 274-4004.**

6.      If you move, please send us your new address.

7.      If you have any questions or concerns regarding your claim, contact the Claims Administrator at (610) 565-9202, by email at info@strategicclaims.net or by toll-free phone at (866) 274-4004, or you may visit www.faradaysettlement.com. DO NOT call Faraday, the other Defendants, or their counsel with questions regarding your claim.

Exhibit A-3

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JIAN ZHOU, Individually and on Behalf of All Others Similarly Situated,

        Plaintiffs,

        v.

FARADAY FUTURE INTELLIGENT ELECTRIC INC. f/k/a PROPERTY SOLUTIONS ACQUISITION CORP., CARSTEN BREITFELD, ZVI GLASMAN, WALTER J. MCBRIDE, JORDAN VOGEL, AARON FELDMAN, and YUETING JIA,

        Defendants.

Case No.: 2:21-cv-09914-CAS-JC

**SUMMARY NOTICE**

**EXHIBIT A-3**

***IF YOU (A) PURCHASED OR OTHERWISE ACQUIRED FARADAY SECURITIES BETWEEN JANUARY 28, 2021 AND APRIL 14, 2022, BOTH DATES INCLUSIVE (THE "SETTLEMENT CLASS PERIOD"), AND/OR (B) BENEFICIALLY OWNED AND/OR HELD THE CLASS A COMMON STOCK OF PROPERTY SOLUTIONS ACQUISITION CORP. ("PSAC") AS OF JUNE 21, 2021 AND WERE ELIGIBLE TO VOTE AT PSAC'S JULY 20, 2021 SPECIAL MEETING AND WERE ALLEGEDLY DAMAGED THEREBY (THE "SETTLEMENT CLASS"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.  CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE CLASS AS SET FORTH IN THE STIPULATION OF SETTLEMENT.***

PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and by Order of the United States District Court for the Central District of California, that in the above-captioned litigation (the "Action"), a Settlement has been proposed for $7,500,000.00 in cash.  A hearing will be held on _____, 202__, at __:__ _.m., before the Honorable Christina A. Snyder, at the United States District Court, Central District of California, Courtroom 8D, 8th Floor, 350 W. First Street, Los Angeles, CA 90012, or remotely per details that will be made publicly available on the Settlement website www.faradaysettlement.com, for the purpose of determining whether: (1) the proposed Settlement should be approved by the Court as fair, reasonable and adequate; (2) the proposed Plan of Allocation for distribution of the Settlement proceeds is fair, reasonable and adequate and therefore should be approved; and (3) the application of Lead Counsel

- 1 -

for the payment of attorneys' fees and expenses from the Settlement Fund, including interest earned thereon, should be approved.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS DESCRIBED ABOVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THE LITIGATION, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND**.  If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and a copy of the Proof of Claim, you may obtain a copy of these documents by contacting the Claims Administrator: Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063, (866) 274-4004.  You may also obtain copies of the Stipulation of Settlement, Notice and Proof of Claim at www.faradaysettlement.com.

If you are a Settlement Class Member, to be eligible to share in the distribution of the Settlement Fund, you must submit a Proof of Claim by mail postmarked no later than _____, 202__, or submit it online by that date.  If you are a Settlement Class Member and do not submit a valid Proof of Claim, you will not be eligible to share in the distribution of the Settlement Fund, but you will still be bound by any judgment entered by the Court in this Action (including the releases provided for therein).

To exclude yourself from the Settlement Class, you must mail a written request for exclusion so that it is received by _____, 202__, in accordance

with the instructions set forth in the Notice.  If you are a Settlement Class Member and do not exclude yourself from the Settlement Class, you will be bound by any judgment entered by the Court in this Action (including the releases provided for therein) whether or not you submit a Proof of Claim.  If you submit a written request for exclusion, you will have no right to recover money pursuant to the Settlement.

Any objection to the proposed Settlement, the Plan of Allocation of Settlement proceeds, or the fee and expense application must be filed with the Court no later than _____, 202__.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**  If you have any questions about the Settlement, or your eligibility to participate in the Settlement, you may contact Lead Counsel at the following address or by calling (212) 661-1100:

<div align="center">

Pomerantz LLP
Austin P. Van
600 Third Avenue, 20th Floor
New York, NY 10016
avan@pomlaw.com

</div>

DATED: _____          BY ORDER OF THE COURT
                                  UNITED STATES DISTRICT COURT
                                  CENTRAL DISTRICT OF CALIFORNIA

# Exhibit B

1
2

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

3
4

JIAN ZHOU, Individually and on Behalf
of All Others Similarly Situated,

Case No.: 2:21-cv-09914-CAS-JC

5

Plaintiffs,

6
7

v.

**[PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL WITH
PREJUDICE**

8
9

FARADAY FUTURE INTELLIGENT
ELECTRIC INC. f/k/a PROPERTY
SOLUTIONS ACQUISITION CORP.,
CARSTEN BREITFELD, ZVI
GLASMAN, WALTER J. MCBRIDE,
JORDAN VOGEL, AARON
FELDMAN, and YUETING JIA,

EXHIBIT B

10
11
12
13

Defendants.

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This matter came before the Court for hearing pursuant to the Order of this Court, dated _____, on the application of the Settling Parties for preliminary approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated October 5, 2023 (the "Stipulation").  Due and adequate notice having been given to the Settlement Class as required in the Order, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed of the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.    This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise stated herein.

2.    This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a)    the Stipulation and the Settlement contained therein are, in all respects, fair, reasonable and adequate;

(b)    there was no collusion in connection with the Stipulation;

(c)    the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d)    the record is sufficiently developed and complete to have enabled Plaintiffs and Defendants to have adequately evaluated and considered their positions.

4.    The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of

the Settlement Class consisting of (a) all persons and entities who purchased or otherwise acquired Faraday securities between January 28, 2021 and April 14, 2022, both dates inclusive (the "Settlement Class Period"), and/or (b) beneficially owned and/or held the Class A common stock of Property Solutions Acquisition Corp. ("PSAC") as of June 21, 2021 and were eligible to vote at PSAC's July 20, 2021 special meeting and were allegedly damaged thereby (the "Settlement Class"). Excluded from the Settlement Class are: (i) Defendants, (ii) current and former officers and directors of Faraday; (iii) members of the immediate family of each of the Individual Defendants (as defined in Item 404 of SEC Regulation S-K, 17 C.F.R. §229.404, Instructions (1)(a)(iii) & (1)(b)(ii)); (iv) all subsidiaries and affiliates of Faraday; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any of the Defendants has a controlling interest and (vi) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding five categories.  Also excluded from the Settlement Class is any Person who timely and validly seeks exclusion from the Settlement Class in accordance with the requirements set by the Court.  A copy of the valid exclusions are attached hereto as Exhibit 1. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Settlement Class (identified in Exhibit 1 hereto), the Action and all claims contained therein are dismissed with prejudice.  The Settling Parties are to bear their own costs except as otherwise provided in the Stipulation.

5.     No Person shall have any claim against the Plaintiffs, the Settlement Class, Plaintiffs' Counsel, Released Defendant Parties, Defendants' Counsel, or the Claims Administrator based on distributions made substantially in accordance with the Settlement, the Stipulation and the Plan of Allocation, or otherwise as further ordered by the Court.

6. Upon the Effective Date, the Plaintiffs, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties with prejudice on the merits, whether or not the Plaintiffs, or such Settlement Class Member executes and delivers the Proof of Claim and whether or not the Plaintiffs, or each of the Settlement Class Members ever seeks or obtains any distribution from the Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

7. Upon the Effective Date, the Defendants and each and every Released Defendant Party shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever waived, released, discharged, and dismissed the Released Plaintiffs Parties from all Released Defendants' Claims (including, without limitation, Unknown Claims). Claims to enforce the terms of the Stipulation are not released.

8. Upon the Effective Date, the Plaintiffs, all Settlement Class Members and anyone claiming through or on behalf of any of them are forever barred and enjoined from commencing, instituting, asserting or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administration forum or other forum of any kind any of the Released Claims (including, without limitation, Unknown Claims) against any of the Released Defendant Parties.

9. The distribution of the Notice and publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Settlement Class Members who could be identified through reasonable effort. The notice provided was the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process and any other applicable law, including the

3

Private Securities Litigation Reform Act of 1995.  No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the Settlement Class are bound by this Judgment, except those persons listed on Exhibit 1 to this Judgment.

10.    Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Any order or proceeding relating to the Plan of Allocation or any order entered regarding any attorneys' fee and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the Final Judgment in this Action.

11.    Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Plaintiffs' Claim or of any wrongdoing or liability of the Released Defendant Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted in the Action were not valid or that the amount recoverable was not greater than the Settlement Amount in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  The Released Defendant Parties may file the Stipulation and/or this Judgment in any other action that may be brought against

4

them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing and administering the Settlement.

13.     The Court finds that during the course of the Action, Plaintiffs, Plaintiffs' Counsel, Released Defendant Parties, and Defendants' Counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

14.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in the Action as of April 27, 2023, as provided in the Stipulation.

15.     The Released Parties shall bear their own costs and expenses except as otherwise provided in the Stipulation or in this Judgment.

16.     Without further order of the Court, the Released Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17.     The Court directs immediate entry of this Judgment by the Clerk of the Court.

18.     The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.


IT IS SO ORDERED.

DATED: _____          _____

THE HONORABLE CHRISTINA A. SNYDER

UNITED STATES DISTRICT JUDGE

# **Exhibit 1**

**[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]**