UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-09914-CAS-JC | Date | January 26, 2024 |
|---|---|---|---|
| Title | Jian Zhou v. Faraday Future Intelligent Electric Inc., et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge |
|---|---|

| Kerri Hays | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs/Movant: | Attorneys Present for Defendants: |
|---|---|
| none | none |

**Proceedings:**       (IN CHAMBERS)

**ORDER (1) VACATING HEARING DATE AND TAKING CLASS MEMBER WILLIAM HOWARD CLEVELAND'S MOTION TO COMPEL ("MOTION TO COMPEL") UNDER SUBMISSION; (2) DENYING MOTION TO COMPEL WITHOUT PREJUDICE (DOCKET NO. 114); AND (3) DENYING JOINT STIPULATION TO ADVANCE HEARING DATE ON MOTION TO COMPEL AS MOOT (DOCKET NO. 117)**

This is a class action in which the District Judge, on the unopposed motion of the Lead Plaintiffs, issued a November 7, 2023 Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Settlement Order") which, among other things: (1) set a hearing for March 18, 2024, to determine whether a proposed settlement ("Settlement") is fair, reasonable, and adequate, and should be approved by the Court; (2) authorizes any member of the Settlement Class (a term defined therein) to enter an appearance in this action; and (3) indicates that any objections to the Settlement must be received or filed at least twenty-one (21) calendar days prior to the Settlement Hearing (*i.e.*, by not later than February 26, 2024) in order to be considered by the Court at the hearing. (Docket No. 109). The Preliminary Settlement Order does not address or grant any party or objector leave to take discovery.[1] On December 1, 2023, an appearance was entered on behalf of non-party class member William Howard Cleveland ("Movant"). (Docket No. 111). On January 22, 2024, the Movant filed the above-captioned Motion to Compel which has been noticed for hearing before the Magistrate Judge on February 13, 2024

---

[1] On April 23, 2023, the District Judge temporarily stayed this action, including discovery and all other proceedings other than mediation, "until one of the parties notifie[d] the Court on the docket that mediation was not successful[] – something that never came to pass. (Docket No. 97). On November 6, 2023, upon notification of the Settlement, the District Judge vacated all dates. (Docket No. 110).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-09914-CAS-JC | Date | January 26, 2024 |
|---|---|---|---|
| Title | Jian Zhou v. Faraday Future Intelligent Electric Inc., et al. | | |

at 9:30 a.m., and is opposed by the Lead Plaintiffs and the Defendants.[2] (Docket Nos. 113, 114).[3] On January 22, 2024, the Movant and the parties filed a Stipulation to advance the hearing date of the Motion to Compel to February 7, 2024 at 9:30 a.m. (Docket No. 117).

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds the Motion to Compel appropriate for decision without oral argument. The hearing calendared for February 13, 2024 is hereby vacated and the Motion to Compel is deemed submitted for decision. The Stipulation is denied as moot.

For the reasons explained below, the Motion to Compel is denied without prejudice to consideration by the District Judge of a motion for leave to conduct discovery in connection with any objections to the Settlement that the Movant may timely file.

The Movant – an absent class member who has expressed an intention to file objections to the Settlement but has not yet done so – is not a party this action. Discovery is governed by Rules 26-37, 45, and 69(a)(2) of the Federal Rules of Civil Procedure, and although such rules permit discovery *from* "persons" as well as parties, and permit "persons" to seek protection from discovery, they provide for discovery only *by* parties (including judgment creditors). See Patriot Rail Corp. v. Sierra Railroad Co., 2016 WL 704456, *2 (E.D. Cal. Feb. 23, 2016).

Having said that, courts may, in their discretion, grant discovery necessary to enable non-party/absent objectors to proposed class settlements to have meaningful participation in settlement proceedings, but objectors do not have an absolute right to discovery. Jaffe v. Morgan Stanley & Co., Inc., 2008 WL 346417, *1-*2 (N.D. Cal. Feb. 7, 2008) (citations omitted); Hemphill v. San Diego Ass'n of Realtors, Inc., 225 F.R.D. 616, 619 (S.D. Cal. Jan. 3, 2005) (citations omitted). Courts have discretion to limit the discovery or presentation of evidence to that which may assist them in determining the fairness and adequacy of the settlement. Jaffe, 2008 WL 346417, at *2 (citations omitted); Hemphill, 225 F.R.D. at 619 (citations omitted). However, discovery of evidence pertaining to settlement negotiations is appropriate only in rare circumstances and is proper only where the party

---

[2] Although only attorney Eric L. Zagar has entered an appearance on behalf of the Movant (Docket No. 110), the Motion to Compel reflects appearances on behalf of the Movant by five additional attorneys who have not entered appearances, including four attorneys who do not even appear to be admitted in the Central District of California or to have been authorized to appear pro hac vice. (Docket Nos. 113, 114). This is improper and the Court expects counsel to rectify this matter forthwith. See Local Rule 83-2.1.

[3] In connection with the Motion to Compel, the Movant and parties have submitted a Notice of Motion, a Joint Stipulation, multiple declarations, multiple exhibits, and a Proposed Order. (Docket Nos. 113, 114).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-09914-CAS-JC | Date | January 26, 2024 |
|---|---|---|---|
| Title | Jian Zhou v. Faraday Future Intelligent Electric Inc., et al. | | |

seeking it lays a foundation by adducing from other sources evidence indicating that the settlement may be collusive.  Lobatz v. U.S.West Cellular of California, Inc., 222 F.3d 1142, 1148 (9th Cir. 2000).  Criteria relevant to a court's decision whether to permit objectors to conduct discovery include the number and interests of objectors.  See Hemphill, 225 F.R.D. at 620 (where the objectors represent only a small percentage of the class, the likelihood of the court granting their discovery requests decreases because the court will give great weight to the interests of the majority of the class members) (citation omitted).

Here, it is premature to determine whether, and the degree to which it may be appropriate to permit the Movant to conduct discovery because – until the deadline to file objections has expired – there is no basis upon which the Court can assess the number and interests of all objectors.  Tellingly, all but one of the cases upon which the Movant relies for the proposition that the Court has discretion to compel the discovery he seeks (see JS at 49-51 (CM/ECF 53-55)), involve decisions that post-date objectors' actual filing of objections.[4]  See, e.g. Lobatz, 222 F.3d at 1148 (affirming district judge's denial of objector's request for discovery of settlement negotiations and class counsel's contemporaneous time records where public docket reflects objections were filed on August 17, 1998 – before requests for discovery filed on August 28, September 30, and November 25, 1998); Hendricks v. Starkist Co, 2016 WL 5462423, at *15 (N.D. Cal. Sep. 29, 2016) (September 2016 district judge order denying March 2016 request for discovery by objector who public docket reflects previously filed objections in November 2015 and filed renewed objections concurrently with discovery request), aff'd, 754 Fed. Appx. 510 (9th Cir. Oct. 19, 2018); Hershey v. ExxonMobil Oil Corp., 2012 WL 4758040, at *3 (D. Kan. Oct 5, 2012) (October 2012 district judge order denying motion for order permitting objector – who public docket reflects had filed objections in September 2012 – to conduct/compel discovery); Kurihara v. Best Buy Co., 2010 WL 11575583, at *1 (N.D. Cal. June 7, 2010) (magistrate judge order on attorney fees referencing fact that district judge, during December 1, 2008 final approval hearing, orally authorized objector – who public docket reflects had previously filed objections on October 9, 2008 – to conduct limited discovery), report and recommendation adopted, 2010 WL 11575584 (N.D. Cal. July 6, 2010); Hemphill, 225 F.R.D. at 626 (January 2005 magistrate judge order granting in part and denying in part motion to compel discovery by objector who public docket reflects had previously filed objections to proposed settlement on December 7, 2004); In re Community Bank of Northern Virginia, 418 F.3d 277, 315-17 (3d Cir. 2005) (remanding for district judge to reassess November 10, 2003 order limiting early November 2003 discovery requests by objectors who public docket reflects previously filed objections to proposed settlement in October 2003); but see Dusek v. Mattel Inc., 141 Fed. Appx. 586, 588 (9th Cir. July 29, 2005) (affirming August 20, 2003 magistrate judge order quashing subpoenas/precluding discovery regarding settlement negotiations by objectors who public docket reflects filed objections on August 28, 2003, after the issuance of the foregoing discovery order), cert. denied, 546 U.S. 1092 (2006); see also True v. Am. Honda Motor Co., 749 F.

---

[4]The other cases cited by the Movant on the referenced pages do not involve objector requests for discovery.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-09914-CAS-JC | Date | January 26, 2024 |
|---|---|---|---|
| Title | Jian Zhou v. Faraday Future Intelligent Electric Inc., et al. | | |

Supp. 2d 1052, 1081 n.31 (C.D. Cal. Feb. 26, 2010) (February 2010 district judge order denying objector's request to serve discovery in case in which public docket reflects that discovery request included in December 2009 objections to proposed settlement).

      In short, consideration of the propriety of authorizing the Movant to seek and obtain discovery is more properly determined at a later juncture by the District Judge.  Accordingly, the Motion to Compel is denied without prejudice to consideration by the District Judge of a motion for leave to conduct discovery in connection with any objections to the Settlement that the Movant may timely file.

      IT IS SO ORDERED.