UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:21-cv-09914-CAS (JCx) | Date | March 18, 2024 |
|---|---|---|---|
| Title | Jian Zhou v. Faraday Future Intelligent Electric Inc. et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Matthew Guiney | Alan Kessel |
| Patrick Donovan | Pamala Palmer |
| Rourke Donahue | Jay Dubow |
| Austin Van | Samuel Cortina |
| Eric Zagar | Jordan Cook |
| | Mary Weeks |

| Proceedings: | MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION, AND FINAL CERTIFICATION OF SETTLEMENT CLASS (Dkt. 120, filed on February 12, 2024) |
|---|---|
| | MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD PLAINTIFFS (Dkt. 122, filed on February 12, 2024) |

## I. INTRODUCTION & BACKGROUND

Presently before the Court are plaintiffs' motion for final approval of class settlement and plaintiffs' motion for attorneys' fees, expenses, and awards. Dkts. 120, 122.

On December 23, 2021, plaintiff Jian Zhou filed a class action complaint against defendants Faraday Future Intelligent Electric, Inc. ("Faraday"), Carsten Breitfeld, Zvi Glasman, Walter McBride, Jordan Vogel, Aaron Feldman, and Yueting Jia. Dkt. 1.

On May 6, 2022, plaintiffs filed the operative amended complaint ("Amended Complaint"). Dkt. 42 ("AC"). Plaintiffs comprise a proposed class of persons that purchased or otherwise acquired Faraday securities between January 28, 2021, and April 14, 2022, (the "class period"), and/or beneficially owned and/or held Class A common

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'    JS-6

| Case No. | 2:21-cv-09914-CAS (JCx) | Date | March 18, 2024 |
|---|---|---|---|
| Title | Jian Zhou v. Faraday Future Intelligent Electric Inc. et al. | | |

stock in Property Solutions Acquisition Corp. ("PSAC") as of June 21, 2021, and were eligible to vote at PSAC's July 20, 2021 meeting. AC ¶ 1. Defendants are Faraday Future Intelligent Electric, Inc.; Carsten Breitfeld, the Chief Executive Officer of the Faraday legacy company ("Legacy Faraday") and CEO of Faraday, Zvi Glasman, the Chief Financial Officer of Legacy Faraday and of Faraday, and Yueting Jia, the founder of Legacy Faraday and Chief Product and User Ecosystem Officer of Legacy Faraday and Faraday, (collectively, the "Faraday Individual Defendants"); Jordan Vogel, the Co-Chief Executive Officer of PSAC, and Aaron Feldman, the Co-Chief Executive Officer and Treasurer of PSAC, (collectively, the "PSAC Defendants"). AC ¶ 32-40.[1]

The Amended Complaint alleges six claims for relief: (1) violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, against Faraday, the Faraday Individual Defendants, and the PSAC defendants; (2) violations of Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), in connection with plaintiffs' Section 10(b) claims, against the Faraday Individual Defendants and the PSAC Defendants; (3) violations of Section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a), and Rule 14a-9 thereunder, 17 C.F.R. §240.14a-9, against Faraday, the Faraday Individual Defendants, and the PSAC Defendants; (4) violations of Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), in connection with plaintiffs' Section 14(a) claims, against the Faraday Individual Defendants and the PSAC Defendants; (5) violations of Section 11 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77k, against all defendants; and (6) violations of Section 15 of the Securities Act, 15 U.S.C. § 77o, against all individual defendants. See generally AC.

Faraday is a designer and manufacturer of electric vehicles, incorporated in Delaware and headquartered in Gardena, California. AC ¶ 32, 54. For the relevant period, the company's primary product focus was the "FF 91" crossover vehicle, plans for which Faraday revealed in 2017. AC ¶ 56. On July 21, 2021, Faraday went public following a merger of Legacy Faraday with PSAC, a special purpose acquisition company, which had gone public a year earlier. AC ¶ 46.

---

[1] The Amended Complaint names four additional individual defendants, the claims against whom plaintiffs have since withdrawn. Dkt. 90.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:21-cv-09914-CAS (JCx) | Date | March 18, 2024 |
|---|---|---|---|
| Title | Jian Zhou v. Faraday Future Intelligent Electric Inc. et al. | | |

The merger plans were first announced publicly on January 28, 2021, when PSAC and Legacy Faraday issued a press release announcing that they planned to merge, subject to stockholder approvals and other closing conditions. AC ¶ 65, 66. Upon closing, Legacy Faraday would acquire PSAC and the combined company, Faraday, would assume PSAC's listing on the NASDAQ. AC ¶ 66. On April 5, 2021, PSAC filed an S-4 registration statement with its preliminary proxy statement, registering common stock to be paid to Legacy Faraday stockholders as consideration in the merger. AC ¶ 76, 134. On June 24, 2021, PSAC filed a separate final proxy statement and prospectus. AC ¶ 197. Under the terms of the merger agreement, the PSAC stockholders were entitled to request redemption of their PSAC shares, prior to the merger vote, for $10 per share, or, if they did not redeem, to have their common stock converted to Faraday securities. Dkt. 58.2 Exh. 6.

Plaintiffs' allegations focus on two representations. The first representation (the "reservations statement") stated that Faraday "ha[d] received over 14,000 reservations" for the FF 91 vehicle. AC ¶ 72. This statement appeared in the January 28, 2021 press release announcing the planned merger of Legacy Faraday and PSAC (the "January 28 press release"). AC ¶ 74. The second representation (the "expected schedule statement") stated, in various ways that FF 91 was expected to launch within twelve months of the merger. AC ¶ 74.

On July 5, 2022, defendants filed a motion to dismiss the Amended Complaint. Dkt. 59. In their opposition, plaintiffs withdrew their Section 11 and Section 15 claims under the Securities Act (Counts 5 and 6). See dkt. 60 at 25 n.18.

On September 21, 2022, class member William Howard Cleveland ("Cleveland") filed a separate class action in the Delaware Court of Chancery against several of the same defendants in this case.[2] See In Re Faraday Future Intelligent Electric Inc. Stockholder Litigation, C.A. No. 2022-0845-LWW (the "Delaware Action"); dkt. 125 at 2. In the Delaware Action, Cleveland brings claims for: (1) violation of Article Sixth of Faraday's Certificate of Incorporation, against Faraday, Sponsor, and the Delaware

---

[2] The defendants in the Delaware Action are Faraday and Property Solutions Acquisitions Sponsor, LLC ("Sponsor"); Vogel, Feldman, David Amsterdam, Avi Savar, and Eduardo Abush (collectively, the "Delaware Individual Defendants"); Riverside Management Group, LLC ("Riverside"), Deutsche Bank Securities Inc. ("Deutsche"), Latham & Watkins LLP ("Latham"), and FF Top Holding LLC ("FF Top"). Dkt. 125 at 2-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:21-cv-09914-CAS (JCx) | Date | March 18, 2024 |
|---|---|---|---|
| Title | Jian Zhou v. Faraday Future Intelligent Electric Inc. et al. | | |

Individual Defendants; (2) breach of fiduciary duty, against Sponsor and the Delaware Individual Defendants; and (3) aiding and abetting and civil conspiracy, against Riverside, Deutsche, Latham, and FF Top respectively. It appears that motions to dismiss are currently pending in the Delaware Action and, to date, no class has been certified.

On October 20, 2022, the Court granted in part and denied in part defendants' motion to dismiss. Dkt. 64. Specifically, the Court denied defendants' motion to dismiss plaintiffs' Section 10(b) claim as to the reservations statement; granted with leave to amend the motion to dismiss plaintiffs' Section 10(b) claim as to the expected schedule statement; denied the motion to dismiss plaintiffs' Section 14(a) claim based on the theory of omission; granted with leave to amend the motion to dismiss plaintiffs' Section 14(a) claims based on the expected schedule statement and the incorporation by reference of the reservations statement; and denied the motion to dismiss plaintiffs' Section 20(a) claims to the extent that plaintiffs had alleged primary violations. See dkt. 64.

On November 3, 2022, defendants filed a motion for reconsideration regarding the Court's order on defendants' motion to dismiss. Dkt. 67. On December 9, 2022, the Court denied the motion for reconsideration. Dkt. 75.

Thus, plaintiffs remaining claims are for (1) violations of Section 10(b) of the Exchange Act, in connection with the reservations statement; (2) violations of Section 14(a) of the Exchange Act based on a theory of omission; and (3) violations of Section 20(a) of the Exchange Act, in connection with plaintiffs' Section 10(b) and 14(a) claims.

On October 5, 2023, lead plaintiffs filed an unopposed motion for preliminary approval of class action settlement. Dkt. 102. They concurrently filed the terms of the proposed Settlement Agreement. Dkt 104-1 (the "Settlement Agreement"). On November 7, 2023, the Court issued an order preliminarily approving the settlement and set a Settlement Hearing for March 18, 2024. Dkt. 109. The Court also approved a plan for dissemination of the Notice of Pendency and Proposed Settlement of Class Action. Id. ¶ 6; see dkt. 104-1 exh. A-1 (the "Notice").

On February 12, 2024, lead plaintiffs filed the instant unopposed motion for final settlement approval (the "Final Approval Motion"). Dkt. 120. Plaintiffs concurrently filed the instant unopposed motion for attorneys' fees, expense reimbursement, and awards for the class representatives. Dkt. 122.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'   JS-6

| Case No. | 2:21-cv-09914-CAS (JCx) | Date | March 18, 2024 |
|---|---|---|---|
| Title | Jian Zhou v. Faraday Future Intelligent Electric Inc. et al. | | |

On February 23, 2024, Cleveland filed an objection to the motion for final settlement approval and concurrently filed a request for leave to take further discovery in aid of his objection. Dkts. 125 ("Obj."), 127. On March 6, 2024, the Court denied Cleveland's request to take further discovery. Dkt. 131.

On March 11, 2024, plaintiffs and defendants each filed their respective oppositions to Cleveland's objection. Dkts. 133, 134.

On March 18, 2024, the Court held a Settlement Hearing. Based upon the foregoing considerations, the Court **GRANTS** the Final Approval Motion on the terms set forth in this Final Approval Order.

## II.    SETTLEMENT AGREEMENT

### A.    Jurisdiction and Venue.

The Court has personal jurisdiction over the parties and the Settlement Class Members. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 including, without limitation, jurisdiction to approve the Settlement, to settle and release all claims alleged in the action and all claims released by the Settlement, to adjudicate the objections submitted to the proposed Settlement by Settlement Class Members, and to dismiss the case with prejudice. Venue in this District is appropriate pursuant to 28 U.S.C. § 1391.

### B.    Definitions.

The capitalized terms used in this Final Approval Order shall have the meanings and/or definitions given to them in the Settlement Agreement [Dkt. 104-1], or if not defined therein, the meanings and/or definitions given to them in this Final Approval Order.

### C.    Incorporation of Documents.

This Final Approval Order incorporates and makes a part hereof:

(a) the Settlement Agreement (including the exhibits thereto); and

(b) the Court's findings and conclusions contained in its Preliminary Approval Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-09914-CAS (JCx) | Date | March 18, 2024 |
| Title | Jian Zhou v. Faraday Future Intelligent Electric Inc. et al. | | |

**D.     Class Definition.**

The Settlement Class hereby certified by the Court is defined as:

>  (a) all persons and entities who purchased or otherwise acquired Faraday securities between January 28, 2021 and April 14, 2022, both dates inclusive (the "Settlement Class Period"), and/or

>  (b) beneficially owned and/or held the Class A common stock of PSAC as of June 21, 2021 and were eligible to vote at PSAC's July 20, 2021 special meeting and were allegedly damaged thereby (the "Settlement Class").

>  Settlement Agreement ¶ 1.31.

Excluded from the Settlement Class are:

>  (i) Defendants,

>  (ii) current and former officers and directors of Faraday;

>  (iii) members of the immediate family of each of the Individual Defendants (as defined in Item 404 of SEC Regulation S-K, 17 C.F.R. §229.404, Instructions (1)(a)(iii) & (1)(b)(ii));

>  (iv) all subsidiaries and affiliates of Faraday;

>  (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any of the Defendants has a controlling interest and

>  (vi) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding five categories.

>  Also excluded from the Settlement Class is any Person who timely and validly seeks exclusion from the Settlement Class in accordance with the requirements set by the Court.  Id.

**E.     Settlement Terms.**

The settlement creates a $7.5 million cash fund (the "Settlement Fund" or "Fund") to provide compensation to class members.  Settlement Agreement ¶¶ 1.35, 2.1.  The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:21-cv-09914-CAS (JCx) | Date | March 18, 2024 |
|---|---|---|---|
| Title | Jian Zhou v. Faraday Future Intelligent Electric Inc. et al. | | |

Fund will be paid entirely by insurance carriers and not by the defendants themselves. Id. ¶ 2.3(a). The Claims Administrator will be responsible for "administer[ing] and calculat[ing] the claims submitted by Settlement Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimant." Id. ¶ 5.1.

Funds will be distributed based on a Plan of Allocation, which was explained in the Notice distributed to the class. Notice at 14. Pursuant to the Plan of Allocation, "Recognized Loss Amounts" will be calculated for class members with Section 10(b) and 14(a) claims.

To calculate a class member's Recognized Loss Amount for a Section 10(b) claim, the class member "must have [] purchased or acquired [Faraday common stock] during the Settlement Class Period and held through [] at least one of the Corrective Disclosure Dates" i.e., November 15, 2021, November 23, 2021, or April 14, 2022. Id. ¶ 34. The Plan of Allocation sets forth two tables: Table A describes the amount of artificial inflation per share of Faraday common stock for various time periods within the Settlement Class Period, and Table B describes the 90-day lookback values for each day in the Settlement Class Period i.e., the price of Faraday common stock at the close of each day in the 90-day period subsequent to the Settlement Class Period. Id. ¶ 35. The Plan of Allocation then provides for various methods of calculating a class members Recognized Loss Amount per share based on the date the share was purchased/acquired, the purchase price, the artificial inflation values set forth in Table A, and/or the 90-day lookback values set forth in Table B. Id.

To calculate a class member's Recognized Loss Amount for a Section 14(a) claim, the class member "must have held PSAC common stock as of June 21, 2021; were eligible to vote at PSAC's July 20, 2021 special meeting; and subsequently exchanged these shares for Faraday common stock on or about July 21, 2021." Id. The Recognized Loss Amount per share shall be calculated as follows:

a) For shares sold during the period July 21, 2021 through April 14, 2022, inclusive, the Recognized Loss Amount is $10.00 per share minus the sale price per share.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:21-cv-09914-CAS (JCx) | Date | March 18, 2024 |
|---|---|---|---|
| Title | Jian Zhou v. Faraday Future Intelligent Electric Inc. et al. | | |

b) For shares held as of the close of trading on April 14, 2022, the Recognized Loss per share is $5.72 per share.[3]

Id.

Class members who had a "Market Gain with respect to his, her, or its overall transactions in Faraday common stock during the Settlement Class Period" will have a Recognized Loss of zero. Id. ¶ 43. Class members who suffered a "Market Loss [] less than the total Recognized Loss calculated above" will have a Recognized Loss "limited to the amount of the actual Market Loss." Id.

A class member who has submitted a timely and valid claim to the Claims Administrator, "whose claim for recovery has been approved for payment from the Net Settlement Fund pursuant to the terms of this Stipulation, and who is entitled to a distribution from the Net Settlement Fund pursuant to the Plan of Allocation and order of the Court," will be deemed an Authorized Claimant. Id. ¶ 1.3.

The Plan of Allocation provides that a "Distribution Amount" will be calculated for each Authorized Claimant. The Distribution Amount equals "the Authorized Claimant's Recognized Loss divided by the total Recognized Losses of all Authorized Claimants, multiplied by the total amount in the Settlement Fund." Id. ¶ 39. No distribution will be made to any Authorized Claimant who has a Distribution Amount calculated to be less than $10. Id.

Defendants will "not have a reversionary interest in the Net Settlement Fund." Settlement Agreement ¶ 5.9. Any balance remaining in the fund after a reasonable amount of time will be "reallocate[d] . . . among Authorized Claimants who negotiated the checks sent to them in the initial distribution and who would receive at least $10.00." Id.

    F.    Release.

The Settlement provides that:

---

[3] This represents the difference between $10.00 per share less the "Holding Value" of $4.28 per share of Faraday common stock held as of the close of trading on April 14, 2022. Notice at 17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-09914-CAS (JCx) | Date | March 18, 2024 |
| Title | Jian Zhou v. Faraday Future Intelligent Electric Inc. et al. | | |

> Upon the Effective Date, Plaintiffs and each of the Settlement Class Members (who have not validly opted out of the Settlement Class), on behalf of themselves, and their respective former and present officers, directors, employees, agents, affiliates, parents, subsidiaries, insurers, reinsurers, heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever released, relinquished, waived, and discharged against the Released Defendant Parties any and all Released Plaintiffs' Claims (including, without limitation, Unknown Claims), whether or not such Settlement Class Members execute and deliver the Proof of Claim or shares in the Net Settlement Fund.

Settlement Agreement ¶ 4.1.

Released Plaintiffs' Claims are defined as:

> any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether class or individual in nature, whether contingent or absolute, mature or unmature, discoverable or undiscoverable, liquidated or unliquidated, accrued or unaccrued, including those that are concealed or hidden, that Lead Plaintiffs or any other member(s) of the Settlement Class asserted or could have asserted now or in the future in any forum that both (i) arise out of, are based upon, or are related in any way to the allegations, transactions, facts, events, matters, occurrences, disclosures, statements, representations, acts, or omissions that were referred to or alleged, or that could have been referred to or alleged, in the Action, and (ii) relate in any way to the purchase or acquisition of Faraday or PSAC common stock by Settlement Class Members during the Settlement Class Period. Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement.

<u>Id.</u> ¶ 1.26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-09914-CAS (JCx) | Date | March 18, 2024 |
| Title | Jian Zhou v. Faraday Future Intelligent Electric Inc. et al. | | |

Unknown Claims are defined as:

> any and all Released Plaintiffs' Claims that Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor, regardless of whether such claim(s), if known by him, her or it, might have affected his, her or its decision to enter into this Settlement, execute this Stipulation, and agree to all the various releases set forth herein, or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Settlement Class. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Released Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Settlement Class Members (as regards to the Released Plaintiffs' Claims) and the Defendants (as regards to the Released Defendants' Claims) shall expressly waive and relinquish, and each Settlement Class Member shall be deemed to have and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Cal. Civ. Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:
>
>> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Id. ¶ 1.43.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-09914-CAS (JCx) | Date | March 18, 2024 |
| Title | Jian Zhou v. Faraday Future Intelligent Electric Inc. et al. | | |

**G.     Notices Pursuant to 28 U.S.C. § 1715.**

At the hearing, defendants' counsel confirmed that the parties complied with § 1715 notice requirements by sending notice to the appropriate state and/or federal officials.

**H.     Objections and Exclusions.**

The Claims Administrator received four requests for exclusion. Dkts. 124-2 at ¶ 13; 134-3.

Class member Cleveland also objected to the settlement.[4] Dkt. 125. He argues that the settlement "violates the 'identical factual predicate' rule in purporting to release claims [Cleveland] is prosecuting in the Delaware Action that are based on facts not alleged in [this] [a]ction." Obj. at 1. Specifically, Cleveland argues that the proposed release is overbroad because it "purports to release not only claims based on the facts that 'were referred to or alleged' in the California Action, but also claims that 'arise out of, are based upon, or are related in any way' to facts that 'could have been referred to or alleged, in the [California] Action.'" Id. at 10 (citing Notice ¶ 48). Cleveland contends that courts in the Ninth Circuit have "routinely" held that releases with expansive phrases, like "arise out of" and "related in any way," are overbroad. Id. at 10-11 (citing Kouri v. Fed. Express Corp., No. 2:21-cv-08066-SPG-JEM, 2023 WL 3431288, at *6–7 (C.D. Cal. Jan. 13, 2023); Marshall v. Northrop Grumman Corp., 469 F. Supp. 3d 942, 949-50 (C.D. Cal. 2020); Rivera v. W. Express Inc., No. EDCV 18-1633 JGB (SHKx), 2020 WL 5167715, at *8 (C.D. Cal. May 1, 2020)).

Cleveland also claims that, while the California and Delaware Actions "share some limited factual overlap, the overwhelming majority of the facts underlying the claims in

---

[4] Cleveland alleges that he is a member of the settlement class with standing to object because, "[d]uring the class period of January 28, 2021 through April 14, 2022, [] Cleveland purchased 26 shares of Faraday common stock, and he held those shares as of June 21, 2021 and was eligible to vote at PSAC's July 20, 2021 special meeting." Obj. at 1. "Cleveland's 26 shares were subsequently combined into one share pursuant to a reverse stock split effectuated on August 8, 2023." Id. The defendants in this action have allegedly admitted that "Cleveland is a class member who would be bound by the Proposed Settlement." Id.; see dkt. 114.

Case 2:21-cv-09914-CAS-JC   Document 136   Filed 03/18/24   Page 12 of 20   Page ID #:3125

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:21-cv-09914-CAS (JCx) | Date | March 18, 2024 |
|---|---|---|---|
| Title | Jian Zhou v. Faraday Future Intelligent Electric Inc. et al. | | |

the Delaware Action are not alleged in the California Action." Id. at 12.  While the claims in this action focus on violations of Sections 10(b), 14(a), and 20(a) of the Exchange Act, the Delaware Action allegedly "seeks *different damages* from *different defendants*, pursuant to *different claims*, based on *different facts*." Id. at 13-14 (emphasis in original).  Cleveland asserts that the only overlap between the two actions is the allegation that Faraday made "false disclosures regarding reservations and [the] projected timeframe for bringing [Faraday's] flagship vehicle to market after the Merger." Id. at 13.  Cleveland alleges, among other things, that "(i) PSAC, its Board, and Sponsor violated both the FMV Requirement and Conversion Rights provisions in PSAC's Certificate; (ii) the Proxy contained numerous false and misleading disclosures and material omissions not alleged in the California Action, e.g., disclosures concerning Riverside's role and conduct in connection with the Merger; and (iii) Riverside, FF Top, and Riverside's and PSAC's advisors Deutsche Bank and Latham were aware of a variety of materially deficient disclosures and other issues and aided and abetted multiple fiduciary breaches." Id.

In their response, defendants argue that the language proposed in the settlement "is *standard* in securities class action cases—including in settlements that Cleveland's own counsel has negotiated and advocated" in other cases.  Dkt. 133 at 2, 12.  They distinguish the cases cited by Cleveland as "labor and employment or consumer protection cases" rather than "securities class action cases." Id. at 12.  Moreover, they contend that "Cleveland's later-filed Delaware Action arises out of the identical factual predicate— the *same* merger proxy solicitation, the *same* merger vote, and the *same* alleged impairment of the *same* conversion rights (i.e., redemption rights) of the *same* premerger PSAC stockholders." Id. at 3 (emphasis in original).  Defendants assert that modifying the release to carveout Cleveland's claims would "unfairly expose Faraday and its insurers to continued litigation and to potential double recovery by the same class of stockholders for the same alleged harm—i.e., that those stockholders allegedly were wrongfully deprived of an informed decision on whether to assert their conversion right to $10.00 per share before voting on the merger." Id.  It would also rob defendants of global peace. Id. at 16-17.  Defendants allege that Cleveland's objection is motivated by a desire to "preserve the Delaware Action for a potential attorneys' fees award." Id. at 4.  They note that there were only four opt outs and a single objection (Cleveland's) to the settlement, "reflect[ing] the fairness and adequacy of the settlement." Id. at 15 (capitalization omitted).  Finally, defendants argue that the Court should not issue an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'    JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-09914-CAS (JCx) | Date | March 18, 2024 |
| Title | Jian Zhou v. Faraday Future Intelligent Electric Inc. et al. | | |

advisory opinion as to the effect of the proposed release on the Delaware Action. Id. at 19.

    In their response, plaintiffs echo defendants in arguing that "the minimal number of valid requests for exclusion from the Settlement [] demonstrates the Settlement Class's positive reaction to the Settlement and supports final approval." Dkt. 134 at 4. Cleveland is the sole objector and holds "only *one* share of Faraday common stock." Id. at 4 (emphasis in original). Plaintiffs also contend that "the language of the proposed release is standard and is routinely held to be proper in the Ninth Circuit." Id. at 6 (citing Belew v. Brink's, Inc., 721 F. App'x 734, 735 (9th Cir. 2018)) (capitalization omitted). Claims are released if they "arise from the same common nucleus of operative fact" as the original complaint. Id. Here, the released claims are limited to those that "arise out of, are based upon, or are related in any way to the allegations, transactions, facts . . . that were referred to or alleged, or that could have been referred to or alleged, in the action." Id. at 7 (citing Notice ¶ 48). Plaintiffs argue that "releases 'arising from or relating to' the subject matter of the lawsuit are 'within the bounds set by precedent.'" Id. at 8-9 (citing Perkins v. Linkedin Corp., No. 13-CV-04303-LHK, 2016 WL 613255, at *6 (N.D. Cal. Feb. 16, 2016)). They contend that "[i]f Cleveland were truly dissatisfied with his potential recovery in the Settlement, he could [have] just opt[ed] out and continue[d] to pursue his claims in his state court action." Id. at 12. Finally, plaintiffs echo that the Court should not issue an advisory opinion regarding the scope of the proposed release as it pertains to the Delaware Action. Id. at 13.

    The Court overrules Cleveland's objection and finds that the proposed release language is appropriate. "[T]he Ninth Circuit allows federal courts to release not only those claims alleged in the complaint, but also claims 'based on the identical factual predicate as that underlying the claims in the settled class action.'" In re Anthem, Inc. Data Breach Litig., 327 F.R.D. 299, 327 (N.D. Cal. 2018) (citing Hesse v. Sprint Corp., 598 F.3d 581, 590 (9th Cir. 2010)). Here, the proposed release language is commensurate with the legal standard and covers:

> any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description . . . that Lead Plaintiffs or any other member(s) of the Settlement Class *asserted or could have asserted* now or in the future in any forum *that both (i) arise out of, are based upon, or are related in any way* to the allegations,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:21-cv-09914-CAS (JCx) | Date | March 18, 2024 |
|---|---|---|---|
| Title | Jian Zhou v. Faraday Future Intelligent Electric Inc. et al. | | |

transactions, facts, events, matters, occurrences, disclosures, statements, representations, acts, or omissions that were referred to or alleged, or that could have been referred to or alleged, in the Action, and (ii) *relate in any way* to the purchase or acquisition of Faraday or PSAC common stock by Settlement Class Members during the Settlement Class Period.

Settlement Agreement ¶ 1.26.

Courts in this circuit have approved releases with similar language. See <u>Flynn v. Sientra, Inc.</u>, No. CV-1507548-SJO-RAOX, 2017 WL 11139918, at *3 (C.D. Cal. Jan. 23, 2017) (approving release of claims "*arising out of* the purchase or sale of Sientra Common Stock during the Class Period and are based on or *relate in any way*, directly or indirectly, to the allegations, facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, or omissions which were or could have been alleged in the Actions"); <u>In re Anthem, Inc. Data Breach Litig.</u>, 327 F.R.D. at 327 (overruling objections and approving release of "any claim . . . *related to or arising from* any of the facts alleged in any of the Actions"); <u>Silveira v. M&T Bank</u>, No. 2:19-CV-06958-ODW-KS, 2021 WL 4776065, at *2 (C.D. Cal. Oct. 12, 2021) (approving release of claims "arising out of, based upon or related in any way to the" underlying facts in the case). Accordingly, the Court overrules Cleveland's objection.[5]

## I.  Legal Standard

The Court may only approve a settlement class after finding the settlement is "fair, reasonable, and adequate." Fed. R. Civ. Pro. 23(e)(2). In doing so, the Court must consider whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

---

[5] The Court does not address whether the proposed release language would cover the claims that Cleveland is asserting in the Delaware Action. That determination is properly left for the Delaware Court of Chancery.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:21-cv-09914-CAS (JCx) | Date | March 18, 2024 |
|---|---|---|---|
| Title | Jian Zhou v. Faraday Future Intelligent Electric Inc. et al. | | |

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Id.

"The purpose of the [modern] Rule 23(e)(2) is [to] establish a consistent set of approval factors to be applied uniformly in every circuit, without displacing the various lists of additional approval factors the circuit courts have created over the past several decades." Zamora Jordan v. Nationstar Mortg., LLC, No. 2:14-CV-0175-TOR, 2019 WL 1966112, at *2 (E.D. Wash. May 2, 2019). Factors that the Ninth Circuit has typically considered include (1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; and (6) the experience and views of counsel. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998); Churchill Vill., L.L.C. v. Gen. Elec., 361 F.3d 566, 575 (9th Cir. 2004).

### J.    Findings and Conclusions

The Court finds that fair and adequate notice of class members' right to object to the settlement and to appear at the Settlement Hearing in support of such an objection has been provided in the form and manner required by the Settlement Agreement, the Court's preliminary approval of class settlement, the requirements of due process, Rule 23, and any other applicable law. In particular, the Court finds that the Class Notice provided the best practicable notice of Settlement Class Members' rights and options and of the binding effect of the orders and Judgment in this case, whether favorable or unfavorable, on all Settlement Class Members. The Settlement Notice was posted electronically on *GlobeNewswire* and was also published on the Claims Administrator's settlement-specific website. Dkt. 124 ¶ 16. 45,721 potential Settlement Class Members were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'    JS-6

| Case No. | 2:21-cv-09914-CAS (JCx) | Date | March 18, 2024 |
|---|---|---|---|
| Title | Jian Zhou v. Faraday Future Intelligent Electric Inc. et al. | | |

notified of the Settlement by mailed Notice or by emailed link to the Settlement website with the Long Notice and Claim Form.  Id.

    The absence of objections to the Settlement by almost all class members strongly supports approval.  See, e.g., Feist v. Petco Animal Supplies, Inc., No. 3:16-cv-01369-H-MSB, 2018 WL 6040801, at *5 (S.D. Cal. Nov. 16, 2018) ("[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members.") (quoting Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc., 221 F.R.D. 523, 529 (C.D. Cal. 2004)); In re Omnivision Techs., Inc., 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) (same; three objections out of approximately 57,000 class members).  Cleveland was the only class member to file an objection, which the Court has analyzed and overruled above.

    Based on its familiarity with the nature of the case, the record, the procedural history, the parties, and the work of their counsel, the Court finds that the Settlement was not the product of collusion and lacks any indicia of unfairness.  The Court finds the Settlement is fair, reasonable, and adequate to the Settlement Class considering the complexity, expense, and likely duration of the case, and the risks involved in establishing liability, damages, and in maintaining this case through trial and appeal. The Court finds that the Settlement represents a fair and complete resolution of all claims asserted in a representative capacity on behalf of the class and will fully and finally resolve all such claims.

    The Settlement delivers adequate relief by providing substantial cash payments to Class Members.  Pursuant to the Settlement Agreement, defendants agree to create a $7,500,000 Settlement Fund for Authorized Claimants who submit sufficient documentation.  Defendants will not retain a reversionary interest in the fund, meaning the entirety of the fund will ultimately be distributed to class members.

    The Court has considered the realistic range of outcomes in this matter, including the amount Plaintiffs might receive if they prevailed at trial, the strength and weaknesses of the case, the novelty and number of the complex legal issues involved, the risk that plaintiffs would receive less than the relief afforded by the Settlement Agreement or recover nothing at trial, and the risk of a reversal of any judgment.  The Settlement is well within the range of reasonableness.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:21-cv-09914-CAS (JCx) | Date | March 18, 2024 |
|---|---|---|---|
| Title | Jian Zhou v. Faraday Future Intelligent Electric Inc. et al. | | |

Before reaching the Settlement, Plaintiffs and Defendants fully and vigorously litigated their claims and defenses in extensive proceedings before this Court, including defendants' motion to dismiss and defendants' motion for reconsideration.

The Settlement Class is and was at all times adequately represented by the Class Representatives and Class Counsel, including in litigating this case and in entering into and implementing the Settlement, and have satisfied the requirements of Rule 23 and applicable law.  Class Counsel have demonstrated that they have competently prosecuted this action on behalf of the Settlement Class.  Class Counsel are experienced class action lawyers with specialized knowledge in complex class action litigation, fully capable of properly assessing the risks, expenses, and duration of continued litigation, including at trial and on appeal.  Class Counsel submit that the Settlement is fair, reasonable, and adequate for the Settlement Class Members.

### K.   Final Settlement Approval and Binding Effect.

The terms and provisions of the Settlement have been entered into in good faith, and are fair, reasonable and adequate as to, and in the best interests of, the Parties and the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause) and the California Constitution.  Therefore, the Settlement is approved.  The Settlement, this Final Approval Order and the Judgment shall be forever binding on the Plaintiffs and all other Settlement Class Members, as well as their heirs, beneficiaries, beneficiaries designated under the Policies, conservators, personal representatives, executors and administrators, predecessors, successors and assigns, and shall have res judicata and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the fullest extent allowed by law.

### M.  Enforcement of Settlement.

Nothing in this Final Approval Order shall preclude any action to enforce the Settlement or interpret the terms of the Settlement Agreement.  Any action which seeks to enforce or interpret the terms of the Settlement, or which seeks to interpret or avoid in any way any legal consequences of or the effect of the Settlement Agreement, the Preliminary Approval Order, this Final Approval Order, or the Permanent Injunction contained in this Final Approval Order, or the Release contained in the Settlement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'    JS-6

| Case No. | 2:21-cv-09914-CAS (JCx) | Date | March 18, 2024 |
|---|---|---|---|
| Title | Jian Zhou v. Faraday Future Intelligent Electric Inc. et al. | | |

Agreement shall be brought solely in this Court. However, as noted above, to the extent the effect of the Release language is relevant to any ongoing suit proceeding in the Delaware Court of Chancery, the Court leaves the interpretation of the Release language to the Delaware courts.

### III. ATTORNEYS' FEES, EXPENSE REIMBURSEMENT, AND INCENTIVE AWARDS

Class Counsel seek "an award of attorneys' fees of 25% of the Settlement Amount, or $1,875,000, [plus interest,] reimbursement of expenses incurred of $121,492.45, and an award to Plaintiffs of $5,000 each, or $20,000 in total, each to be paid from the Settlement Fund." Dkt. 123 at 1.

Where, as here, "a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method." In re Bluetooth Headset Prod. Liab. Litig., 654 F.3d 935, 942 (9th Cir. 2011). "[T]he choice between lodestar and percentage calculation depends on the circumstances, but . . . 'either method may . . . have its place in determining what would be reasonable compensation for creating a common fund.'" Six (6) Mexican Workers v. Arizona Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990) (third alteration in original) (quoting Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 272 (9th Cir. 1989)). To guard against an unreasonable result, the Ninth Circuit encourages district courts to "cross-check[ ] their calculations against a second method." In re Bluetooth, 654 F.3d at 944; see also Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1050–51 (9th Cir. 2002) (applying a lodestar cross-check to ensure the percentage-of-recovery method yielded a reasonable result).

For the percentage-of-recovery method, 25% of a common fund is in the Ninth Circuit considered a presumptively reasonable amount of attorneys' fees. See, e.g., In re Bluetooth, 654 F.3d at 942 ("[C]ourts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure."); Six (6) Mexican Workers, 904 F.2d at 1311 ("[W]e established 25 percent of the fund as the 'benchmark' award that should be given in common fund cases."). That said, "[t]he 25% benchmark rate, although a starting point for analysis, may be inappropriate in some cases." Vizcaino, 290 F.3d at 1048.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'     JS-6

| Case No. | 2:21-cv-09914-CAS (JCx) | Date | March 18, 2024 |
|---|---|---|---|
| Title | Jian Zhou v. Faraday Future Intelligent Electric Inc. et al. | | |

Class Counsel has fully addressed the reasonableness of the fee request in Plaintiffs' Motion for Attorneys' Fees, Expenses, and Awards. Dkt. 122. Pursuant to Federal Rule of Civil Procedure 23(h), the Court orders that Class Counsel is entitled to reasonable attorneys' fees incurred in connection with the action in the amount of $1,875,000, plus interest, to be paid at the time and in the matter provided in the Settlement Agreement. The fee award sought in the present case is reasonable when judged by the standards of this circuit. See, e.g., In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 941 (9th Cir. 2011). The $1,875,000 fee award accounts for 25% of the $7,500,000 Settlement Fund and is well within the percentage range that courts have allowed in the Ninth Circuit. Id. at 942; see also Vasquez v. Coast Valley Roofing, Inc., 266 F.R.D. 482, 491 (E.D. Cal. 2010) ("typical range of acceptable attorneys' fees in the Ninth Circuit is 20% to 33 1/3 % of total settlement value"); Hopkins v. Stryker Sales Corp., No. 11-2786, 2013 WL 2013 WL 496358, at *1 (N.D. Cal. Feb. 6, 2013) (acknowledging same and awarding 30%); In re Activision Sec. Litig., 723 F. Supp. 1373, 1377 (N.D. Cal. 1989) ("[a] review of recent reported cases discloses that nearly all common fund awards range around 30%"); see also In re Pacific Enters. Sec. Litig., 47 F.3d 373, 379 (9th Cir. 1995) (award of 33% of settlement fund as fees affirmed).

Class Counsel's fee request is also reasonable under the lodestar method. Class Counsel's total lodestar in this action equals $1,290,648. Dkt. 123 at 14. Accordingly, the $1,875,000 fee award results in a positive multiplier of 1.45. See Wershba v. Apple Computer, Inc., 91 Cal. App. 4th 224, 255 (2001) ("Multipliers can range from 2 to 4, even higher."); Feller v. Transamerica Life Ins. Co., No. 16-CV-01378-CAS-GJSX, 2019 WL 6605886, at *13 (C.D. Cal. Feb. 6, 2019) (2.97 multiplier is "well-within the range of appropriate multipliers recognized by this Court and by other courts within the Ninth Circuit"). Moreover, the fee award is justified based on the excellent results obtained, the experience and skill of Counsel, the complexity of issues, the risk of non-payment, and the preclusion of other work.

Based on the declaration submitted by Class Counsel in support of the fee motion, the Court finds that Class Counsel have incurred out-of-pocket litigation expenses in the amount of $121,492.45. Dkt. 124 at 13. Accordingly, the Court further awards Class Counsel $121,492.45 in litigation costs, to be paid at the time and manner provided in the Settlement Agreement.

The Court finds that the Class Representatives in this action have actively participated in and assisted Class Counsel with this litigation for the substantial benefit of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'   JS-6

| Case No. | 2:21-cv-09914-CAS (JCx) | Date | March 18, 2024 |
|---|---|---|---|
| Title | Jian Zhou v. Faraday Future Intelligent Electric Inc. et al. | | |

the Class. Each of the Class Representatives "(1) volunteered to file a motion seeking appointment as lead plaintiffs; (2) reviewed complaints, motion papers and other pleadings; (3) regularly communicated and corresponded with Lead Counsel regarding the litigation and settlement; (4) gathered and produced information to Lead Counsel concerning their investments in Faraday securities; (5) aided counsel in preparing responses to requests for discovery; and (6) agreed to make themselves available for a deposition, if needed, and to testify if there were a trial." Dkt. 123 at 17. The Court further finds that the requested incentive awards are in line with Ninth Circuit authority. See Wren v. RGIS Inventory Specialists, No. CV-06-05778 JCS, 2011 WL 1230826, at *36 (N.D. Cal. Apr. 1, 2011) ("[T]here is ample case law finding $5,000 to be a reasonable amount for an incentive payment."). Accordingly, the Court awards each of the Class Representatives $5,000 each, for a total award of $20,000.

## IV.   CONCLUSION

The Final Approval Motion is **GRANTED** on the terms set forth in this Final Approval Order, and the parties and their counsel are directed to implement and consummate the Settlement according to its terms and provisions as set forth in the Settlement Agreement.

IT IS SO ORDERED.

| | | 00 | : | 11 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |